293 So.2d 314

**In re James Lester RADKE**

**v.**

**STATE of Alabama.**

**Ex parte STATE of Alabama.**

**SC 680.**

Supreme Court of Alabama.

April 4, 1974.

William J. Baxley, Atty. Gen., Montgomery, and Samuel L. Adams, Special Asst. Atty. Gen., Dothan, for petitioner.

Rowe & Rowe, Enterprise, for respondent.

McCALL, Justice.

We granted a writ of certiorari in this case to review a decision of the Court of Criminal Appeals which reversed the judgment of conviction rendered by the circuit court. The only question here is whether or not the State's quantum of proof as to guilt of illegal possession of marijuana was sufficient to submit that issue to the jury. The appellate court held that the proof was insufficient to let the cause go to the jury, and in reversing the case said:

"* * * To view the evidence otherwise would condone resort to speculation and surmise rather than to concrete circumstances. * * *"

The following evidence appears in the opinion: The defendant, Radke, was present in the Burger Inn, a hamburger establishment. A law enforcement officer, apparently in deceptive and disarming dress, drove up to the place in a gold Chevrolet. After conversing with one Polk, an employee of the Burger Inn, the two went to the storeroom in the building. Radke followed them to that location. When they arrived, Polk got the marijuana down from a shelf. After the officer opened the box, containing the marijuana, he, the officer, asked how much marijuana was in it. The opinion states: "Both [Polk and Radke] replied, twenty pounds." Apparently, at that time the marijuana was in plain view. Then "* * * as Polk was asking Radke to get a scale the raiding party irrupted into the hamburger establishment." This ended that activity.

The appellate court said that there is no evidence that Radke knew beforehand of the presence of the marijuana, nor does it appear that Radke either heard or complied with Polk's request to fetch the scale. The opinion further states that all conversations about sale and delivery took place only between Polk and the officer, that Radke was an onlooker, though only part of the time; he never touched the contraband. He had no connection with Burger Inn.

We think that the defendant's guilt depends upon whether he aided or abetted in the illegal possession of the marijuana The statute, Tit. 14, § 14, Code of Alabama, Recompiled 1958, states in part:

"* * * all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid or abet in its commission, though not present, must hereafter be indicted, tried, and punished as principals, as in the case of misdemeanors."

■ "*Aid* and *abet* 'comprehend all assistance rendered by acts or words of encouragement or supports or presence, actual or constructive, to render assistance should it become necessary. No particular acts are necessary. If encouragement be given to commit the felony, or if, giving due weight to all the testimony, the jury are convinced beyond a reasonable doubt that the defendant was present with a view to render aid should it become necessary, then that ingredient of the offense is made out.' * * *." Jones v. State, 174 Ala. 53, 57, 57 So. 31, 32.

■ The Court of Criminal Appeals said in Parks v. State, 46 Ala.App. 722, 724, 248 So.2d 761, 762:

"The offense of possession of illegal drugs is susceptible of joint commission. Green v. State, 30 Ala.App. 94, 2 So.2d 324; Gunnels v. State, 21 Ala.App. 648, 111 So. 320. Further the guilt of the accused does not necessarily depend upon proof of his ownership of the drugs. Womack v. State, 34 Ala.App. 487, 41 So.2d 429; Thompson v. State, 32 Ala. App. 402, 27 So.2d 55. However, there must be evidence from which the jury might conclude beyond a reasonable doubt that defendant knew of the presence of the drugs. Such guilty knowledge may be established by circumstantial evidence. Womack v. State, supra; Thompson v. State, supra."

It was pointed out by the Court of Appeals in Parsons v. State, 33 Ala.App. 309, 33 So.2d 164, that the rule is:

"The participation in a crime and the community of purpose of the perpetrators need not be proved by direct or positive testimony, but may be inferred from circumstantial evidence. West v. State, 25 Ala.App. 492, 149 So. 354; Kelly v. State, 31 Ala.App. 194, 13 So.2d 691; Williams v. State, 31 Ala.App. 48, 11 So.2d 870, * * *. All persons participating in a crime are guilty as principals. Title 14, Section 14, Code of Alabama 1940."

■ This is not meant to intimate that the mere presence at the scene of a crime, without more, makes an accused a party to the crime. Understandably, such presence alone could not support a conviction.

In Parks v. State, 46 Ala.App. 722, 248 So.2d 761, the court said:

" * * * mere presence of a defendant in an automobile is not sufficient to establish the requisite knowledge of the presence of the drugs or to prove defendant guilty of aiding and abetting in the illegal possession. * * *"

But when the presence of the accused at the scene is established and evidence of his knowledge of the presence of the prohibited substance is shown, along with any other incriminating evidence, the issue of the defendant's guilt should be submitted to the jury.

■ Knowledge of the presence of the prohibited substance may be established by circumstantial evidence, and guilt does not depend on ownership. Parks v. State, 46 Ala.App. 722, 248 So.2d 761; Daniels v. State, 49 Ala.App. 654, 657, 275 So.2d 169.

■ It appears from the statement of facts in the opinion of the Court of Criminal Appeals in this case that the defendant first learned of the presence of the marijuana at the scene. There is no evidence that the defendant had earlier knowledge of its presence. All of those involved in the episode were in the storeroom when the marijuana was first exhibited. The three, Radke, Polk and the officer, were at the same place together. After Polk brought the box down from the shelf and the officer opened it, the defendant knew, at that point, of the presence of the marijuana. It was not until after this event and he had seen the marijuana, that he and Polk made the simultaneous utterance "twenty pounds," in response to the officer's question as to how much marijuana was in the box. For aught appearing from the evidence, this was the first time that the defendant knew of the presence of the marijuana, and it was not until he had

seen it that he expressed his opinion about its weight. We think that there was a failure to prove the defendant's knowledge of the presence of the marijuana in order to show aiding or abetting in the illegal possession of the contraband. His expression of an opinion as to weight is consistent with a conclusion that he then, for the first time, learned of the presence of the marijuana, and, to say that such imported prior knowledge of its presence would indulge in speculation and surmise, which we certainly are not at liberty to do. Nor was there evidence that the defendant was present to render aid, if necessary.

The judgment of the Court of Criminal Appeals is affirmed.

Affirmed.

HEFLIN, C. J., and BLOODWORTH and JONES, JJ., concur.

COLEMAN, J., concurs in result.