The appellant was convicted of possessing methaqualone in violation of the Alabama Uniform Controlled Substances Act, §20-2-70, Code of Alabama 1975. She was convicted and sentenced to four years in prison. The Court of Criminal Appeals affirmed, Story v. State, 435 So.2d 1360 (Ala.Cr.App. 1982), an application for rehearing was denied, and we granted certiorari.
The appellant was the only other passenger in an automobile owned and operated by Michael Walls when the car was stopped during the early morning hours of August 2, 1980, by police, who had observed Walls driving erratically. After arresting Walls for a traffic offense, one of the officers placed him in the police car to take him to Dadeville to administer a PEI test in order to ascertain his blood alcohol content. A second officer drove the appellant, Brenda Story, to Dadeville in Walls's car. When they arrived at the courthouse the appellant, who was carrying a lady's handbag, went inside to wait while the PEI test was administered to Walls.
When he got into Walls's car, the officer had noticed a pistol on the floorboard in front of the driver's side of the front seat and a shotgun in the back floorboard. After he went to pick up a third officer to administer the PEI test, the officer returned to Walls's car to remove the firearms. While leaning over to pick up the pistol he discovered a bag, described as a cosmetic bag or a man's shaving kit (referred to at trial and herein as State's Exhibit 1), containing the methaqualone. The officer testified that when he found the bag it was protruding from under the passenger's side of the front seat. When Walls and Story were questioned by the police both denied any knowledge of the bag.
The appellant had met Walls earlier that evening. Story's cousin, who had introduced her to Walls, testified that he had never seen State's Exhibit 1 before. Another witness said that when he saw the appellant earlier that night she had a bag "something like" State's Exhibit 1, but that he could not be sure because there had not been enough light to see the bag clearly.
We granted certiorari to determine whether the holding in this case was in conflict with prior cases holding that the mere presence of a defendant in an automobile containing contraband is not sufficient in and of itself to support a conviction for possession of a controlled substance. Parks v.State, 46 Ala. App. 722, 248 So.2d 761 (1971); Rueffert v.State, 46 Ala. App. 36, 237 So.2d 520 (1970). The State must introduce additional evidence from which the defendant's unlawful possession of the contraband could be inferred in order to support a conviction. See 57 A.L.R.3d 1319. Knowledge of the presence of the controlled substance by the defendant must also be established beyond a reasonable doubt. Temple v.State, 366 So.2d 740 (Ala.Cr.App. 1978).
The Court of Criminal Appeals relied on the testimony of Ronnie Thomas, the witness who had seen the appellant with some sort of a bag in her hand earlier in the evening, to supply the necessary additional evidence. We note, however, that Thomas testified that he could not be sure whether the bag he saw in Story's hand was State's Exhibit 1 because the light was too poor. We deem that testimony insufficient to link her to State's Exhibit 1, especially since the *Page 1367 
policeman testified that she had a purse or lady's handbag with her when she got out of the car to go into the courthouse later that evening.
Appellant was a passenger in an automobile which she was not driving and did not own. It was night when she first met the driver and when she got into the car. The bag containing the contraband was found on the floorboard under her seat. Without more evidence linking her to the contraband, there is at least a reasonable doubt whether she had knowledge of the drugs.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.