Johnny Lyons was indicted and convicted for trafficking in cocaine in violation of Alabama Code 1975, § 20-2-80 (2)(a) (1980). Sentence was three years' imprisonment and a fine of $50,000. Two issues are raised on appeal. *Page 296 
 I
The State presented sufficient evidence to establish Lyons' constructive possession and knowledge of the presence of the cocaine.
Based on information received from a confidential informant, officers of the Narcotics Division of the Gadsden Police Department searched the residence of William E. Heard on the morning of October 14, 1983. When Captain J.C. Owens went into the den, Lyons "was sitting in a chair near the wall, and with a bag between his legs." Lyons was the only person in the den, although five other adults were in the house, including Mr. and Mrs. Heard. The Captain searched the "saddlebag" between Lyons' legs and found a .22 caliber derringer pistol and a small bag of marijuana.
As the Captain bent over to check the bag, he "noticed that the skirt around the bottom of the chair was pushed in, and apparently, hung on something." After finding the marijuana, he arrested Lyons and moved him away from the chair. Under the chair he found "a little pouch with a zipper on it and a belt." Inside the pouch was a plastic bag containing cocaine. The remainder of the house was searched and marijuana was found in one of the bedrooms.
Lyons admitted to the police that "they had purchased some cocaine that morning and that they had used some cocaine." However, Lyons maintained that he did not own the cocaine found under the chair.
Mildred Heard testified that Lyons arrived at her home at 8:30 on the morning of the search along with Ronald Buchanan, Leonard Carter and Vanessa Powell. While she was cooking breakfast, around 9:30, the officers arrived with the search warrant. Mrs. Heard denied that her husband was either using or selling drugs, although she admitted that the marijuana was his.
Mr. Heard testified that Buchanan was his cousin-in-law (his wife's first cousin) and that he had known Carter for about a year or two. He did not know Lyons or Powell. Heard stated that Lyons was wearing the pouch in which the cocaine was found when Buchanan introduced Lyons to Heard. Heard admitted that the marijuana found in the bedroom was his but denied any knowledge of the cocaine.
Where the accused is not in exclusive possession of the premises, his knowledge of the presence of the controlled substance may not be inferred "unless there are other circumstances tending to buttress this inference." Temple v.State, 366 So.2d 740, 743 (Ala.Cr.App. 1979). When constructive possession is relied upon, there must be some fact or circumstance which will afford the jury a "rational inference" that the accused had knowledge of the drugs. Ex parte Campbell,439 So.2d 723, 724 (Ala. 1983). Here, that rational inference is supplied by the combined facts that Lyons was seen wearing the very pouch in which the cocaine was subsequently found and his admission that "they" had purchased and used cocaine that morning. The fact that drugs are found among or near the defendant's personal belongings is a circumstance which may be sufficient to link him with possession. Annot., 56 A.L.R.3d 948, § 10 (1974). "The accused's knowledge of the presence of the controlled substance may be proved by `his declarations, or admissions, and contradictory statements, and explanations made by him.' 28 C.J.S.Supp., Drugs Narcotics, § 204 (1974)."Cason v. State, 435 So.2d 200, 202 (Ala.Cr.App. 1983). See alsoEx parte Story, 435 So.2d 1365 (Ala. 1983).
Guilt of the possession of a controlled substance does not depend on ownership and the State does not have to prove that the defendant owned or had title to the drugs. Mitchell v.State, 395 So.2d 124, 126 (Ala.Cr.App. 1980), cert. denied, Exparte Mitchell, 395 So.2d 127 (Ala. 1981). See State v.Chapman, 679 P.2d 1210 (Mont. 1984).
 II
An expert testified that the total weight of the powder in the plastic bag was 34 *Page 297 
grams. He stated that 80% of the powder (27.2 grams) was cocaine and the remaining 20% was some other substance.
In Dickerson v. State, 414 So.2d 998, 1002 (Ala.Cr.App. 1982), we held that a defendant charged with trafficking in marijuana may prove that the quantity of marijuana seized contained excludable matter and that he was not in possession of the 2.2 pounds of cannabis necessary for a trafficking charge. The very definition of marijuana includes all parts of the marijuana plant except certain portions consisting mainly of the mature stalks. Alabama Code 1975, § 20-2-2 (15).
There is no similar provision with regard to the offense of trafficking in cocaine. In fact, the trafficking statute itself specifically rejects this argument by providing that "(a)ny person . . . who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixturecontaining cocaine, described in section 20-2-25 (1), is guilty of a felony, which felony shall be known as `trafficking in cocaine.'" Alabama Code 1975, § 20-2-80 (2) (emphasis added). Under this statute, the State is not required to prove that the accused possessed 28 grams or more of pure cocaine.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.