This is an appeal by Clarence Gene Perry of his conviction for possession of pentazocine hydrochloride (Talwin), a controlled substance, in violation of § 20-2-70, Code of Alabama 1975, and his five-year sentence.
Officers of the Gadsden Police Department, with the assistance of an informant, set up a "controlled buy" of two sets of Talwin, known as "T's and Blues." The informant called Glenda Beasley, a suspected drug dealer, and made plans to purchase the illegal substances at Benny's Motel. The officers positioned themselves at various points in the vicinity of the motel and waited for Glenda Beasley to arrive. A car, which the officers recognized as Glenda Beasley's, pulled into the parking lot of the motel. The officers converged around the car and instructed the occupants to step outside and to the rear of the car. Glenda Beasley was not in the car; rather, her daughter Kim and appellant were in it. Kim was the driver of the car, and appellant was seated on the passenger side. The officers looked inside the car and found several pills, some of which were later determined to be Talwin. The officers testified that the pills were in a tissue on the console, but were not hidden and could be seen from the door of the car. The officers seized the pills and placed both Kim and appellant under arrest.
Following the close of the state's case-in-chief, appellant moved for a judgment of acquittal on the ground that the state had failed to establish a prima facie case. The trial court, finding that the state's evidence established that the pills were in plain view, held that the state had presented sufficient evidence from which constructive possession could be found, and denied appellant's motion.
Appellant argues, on appeal, that the trial court erred in denying his motion for a judgment of acquittal. We agree. *Page 1128 
In establishing a prima facie case of possession of a controlled substance, the state must prove that the defendant had actual or constructive possession of the contraband.Hall v. State, 455 So.2d 94 (Ala.Cr.App. 1984). To establish constructive possession, the state must prove beyond a reasonable doubt that the accused had knowledge of the presence of the illegal substance. Yarbrough v.State, 405 So.2d 721 (Ala.Cr.App.), cert. denied,405 So.2d 725 (Ala. 1981). An essential element of the defendant's knowledge of the presence of the illegal substance is his awareness of the narcotic nature of the substance. People v. Harrington, 396 Mich. 33,238 N.W.2d 20 (1976); State v. Harris, 673 S.W.2d 490
(Mo.App. 1984); Wiersing v. State, 571 S.W.2d 188
(Tex.Crim.App. 1978); 3 Wharton's Criminal Law andProcedure, § 1079 (R. Anderson 1957); 28 C.J.S. Supp., Drugs and Narcotics § 160 (1974).
The defendant's knowledge of the presence of the substance may be shown by circumstantial evidence. Korreckt v.State, 507 So.2d 558 (Ala.Cr.App. 1986). Likewise, the defendant's knowledge of the narcotic nature of the substance may be shown through circumstantial evidence. 28 C.J.S.Supp., supra, § 203. However, while establishing the close proximity of a defendant to an illegal substance is relevant to show his knowledge of its presence, this alone is insufficient to prove the required knowledge necessary to support a finding of constructive possession. Smith v.State, 457 So.2d 997 (Ala.Cr.App. 1984). Furthermore, a defendant's mere presence in an automobile in which an illegal substance is found will not support his conviction for possession of that substance unless the state introduces other evidence in support of the defendant's possession.Story v. State, 435 So.2d 1360 (Ala.Cr.App. 1982), rev'd on other ground, 435 So.2d 1365 (Ala. 1983). The kinds of other evidence or circumstances that could provide the additional support necessary to show possession are unlimited and will vary with each case. Temple v. State,366 So.2d 740 (Ala.Cr.App. 1978).
 "Generally, possession of a narcotic drug or restricted dangerous drug is sufficient to permit the inference of knowledge of the nature of the substance possessed, especially, but not exclusively, if it is in his hands, on his person, in his vehicle, or on his premises. Knowledge of the nature of a substance possessed by accused may be inferred from circumstances such as the conduct of the parties, statements of accused at or near the time of his arrest, admissions or contradictory statements or explanations, contradictory statements from which guilt may be inferred, the use of terms describing narcotics, accused's peculiar behavior, an attempt to hide narcotics, and prior familiarity with narcotics." (Footnotes omitted.)
28 C.J.S.Supp., supra, § 194.
In Cason v. State, 435 So.2d 200 (Ala.Cr.App. 1983), the defendant's close proximity to the contraband, coupled with his recent offer to sell marijuana, was held sufficient to warrant a finding of possession. InShaneyfelt v. State, 494 So.2d 804 (Ala.Cr.App. 1986), the state was held to have presented sufficient evidence to establish the accused's constructive possession of the illegal substance, where his close proximity with the substance was shown in conjunction with statements he made which indicated he knew of the presence of the substance.
However, in the instant case, at the time appellant moved for a judgment of acquittal, the only evidence before the court was that which established appellant's presence in the car and the visibility of the pills. Nothing had been presented by the state establishing any statements or conduct by appellant or any other evidence which would indicate that appellant knew of the narcotic nature of the pills. Had there been evidence of appellant's involvement in the sale or evidence of any other of the possibly unlimited details which would provide some basis from which to infer appellant's knowledge, we would have no difficulty in finding that he was aware of the nature of the pills.
In light of the fact that our review is of the denial of appellant's motion for a judgment *Page 1129 
of acquittal, made at the close of the state's case, we must base our review on the evidence that was before the court at the time the motion was made. See Cottonreeder v.State, 389 So.2d 1169 (Ala.Cr.App. 1980).
We cannot conclude, as the trial court did, that the state established a prima facie case against appellant. There was no evidence to connect appellant with the pills, other than his presence in the automobile. As demonstrated by the aforementioned cases, such proximity is not enough to establish constructive possession. Therefore, we find that the trial court erred in denying appellant's motion.
The judgment of the trial court is due to be, and it is hereby, reversed and judgment is rendered for the defendant.
REVERSED AND JUDGMENT RENDERED.
All JUDGES concur.