TAYLOR, Judge.
The appellant, Charles Randall Bemis, was charged with possession of marijuana for personal use, as defined by § 13A-12-214, Code of Alabama 1975. He was granted youthful offender status by the district judge, and after a trial, he was found guilty under the Youthful Offender Act. He was sentenced to one year in jail, suspended, and was placed on two years unsupervised probation, and was fined $250.00.
The sole issue presented on appeal is whether the evidence was sufficient to sustain a conviction. In considering this issue, the law requires that we indulge every presumption in favor of the state. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), writ denied, 368 So.2d 877 (Ala.1979). The state charged constructive possession of marijuana. The evidence presented at trial tended to show that the appellant and four companions were gathered in a parking lot in the area of Gulf Shores, Alabama, on the night of October 3, 1990. Two Baldwin County sheriff’s deputies observed the five persons get into a pick-up truck and watched as one of them rolled *789 what appeared to be a marijuana cigarette. The man who rolled the cigarette, Thadius Stewart, was behind the steering wheel of the truck and was, in fact, the owner of the truck. The appellant was seated to the far right of Stewart against the passenger’s door. Two persons were seated between the appellant and Stewart and the fifth person was seated on the appellant’s lap. After observing the truck for some time, the deputies approached the vehicle and found a marijuana cigarette that had not been lit on the floor of the truck. Two marijuana cigarette butts were found in the ashtray of the truck. Stewart, the driver, admitted ownership of both the unlit marijuana cigarette and the butts, which he said he had smoked the day before. There was testimony that there was no odor of marijuana about the truck.
Both deputies testified that the appellant was never in actual physical control of the rolled cigarette and that he never said or did anything that would indicate that he knew that the marijuana was present in the truck. Stewart, the individual who actually rolled the cigarette, testified that the appellant had no knowledge of the presence of the marijuana in the truck.
We held in Anderson v. State, 533 So.2d 694, 696 (Ala.Cr.App.1988):
“The three elements which are necessary to prove possession of marijuana are (1) actual or potential physical control, (2) intention to exercise dominion, and (3) external manifestations of intent and control.”
See also Lee v. State, 350 So.2d 743 (Ala.Cr.App.1977); Collins v. State, 391 So.2d 1078 (Ala.Cr.App.1980); Butler v. State, 531 So.2d 52 (Ala.Cr.App.1988).
Judge Patterson, writing for this court in Perry v. State, 534 So.2d 1126 (Ala.Cr.App.1988), held:
“In establishing a prima facie case of possession of a controlled substance, the state must prove that the defendant had actual or constructive possession of the contraband. Hall v. State, 455 So.2d 94 (Ala.Cr.App.1984). To establish constructive possession, the state must prove beyond a reasonable doubt that the accused had knowledge of the presence of the illegal substance. Yarbrough v. State, 405 So.2d 721 (Ala.Cr.App.), cert. denied, 405 So.2d 725 (Ala.1981).
"... However, while establishing the close proximity of a defendant to an illegal substance is relevant to show his knowledge of its presence, this alone is insufficient to prove the required knowledge necessary to support a finding of constructive possession. Smith v. State, 457 So.2d 997 (Ala.Cr.App.1984). Furthermore, a defendant’s mere presence in an automobile in which an illegal substance is found will not support his conviction for possession of that substance unless the state introduces other evidence in support of the defendant’s possession. Story v. State, 435 So.2d 1360 (Ala.Cr.App.1982), rev’d on other ground, 435 So.2d 1365 (Ala.1983).”
534 So.2d at 1128. (Emphasis added.)
We have long held that when a defendant is in exclusive possession of the premises upon which illegal drugs or narcotics are found, an inference arises that the defendant had knowledge of their existence and was in possession of them. Moore v. State, 457 So.2d 981 (Ala.Cr.App.1984), cert. denied, 470 U.S. 1053, 105 S.Ct. 1757, 84 L.Ed.2d 820 (1985). However, when a defendant is not in exclusive possession of the premises where drugs or narcotics are found, the state must prove beyond a reasonable doubt that the person accused knew the contraband was present. Further, when a defendant is in possession, but not sole possession of the premises where drugs or narcotics are found, it may not be inferred that he knew of the presence of the drugs or narcotics without other circumstances which tend to buttress the inference. Temple v. State, 366 So.2d 740 (Ala.Cr.App.1979).
Judge Bowen, writing for this court in Temple, supra, held:
“While the kinds of circumstances which may provide a connection between a defendant and the contraband are unlimited and will naturally depend on the *790 facts of each particular case, 56 A.L.R.3d 948 (1974), it has been generally stated that:
“ ‘The kinds of circumstances which provide such a connection are: (1) evidence that excludes all other possible possessors; (2) evidence of actual possession; (3) evidence that the defendant had substantial control over the particular place where the contraband was found; (4) admissions of the defendant that provide the necessary connection, which includes both verbal admissions and conduct that evidences a consciousness of guilt when the defendant is confronted with the possibility that an illicit drug will be found; (5) evidence that debris of the contraband was found on the defendant’s person or with his personal effects; (6) evidence which shows that the defendant, at the time of the arrest, had either used the contraband very shortly before, or was under its influence.
“ ‘The kinds of evidence which might be relevant, but which by themselves do not add the necessary connection are: (1) admissions of previous use; (2) conduct that might be construed as evidencing a consciousness of guilt which was not displayed upon the defendant’s confrontation of the possibility that an illicit drug would be discovered; (3) evidence of previous use; (4) evidence that showed the defendant’s physical proximity to the contraband.’
“9 Land and Water L.Rev. 236, 248-249 (1974).”
366 So.2d at 743.
In this case none of the above-listed circumstances, except one (the appellant’s physical proximity to the marijuana) was shown. No evidence was presented at trial which established that this appellant had any knowledge that the marijuana was present in the truck. While the state did establish the appellant’s close proximity to the marijuana, under the authority of Perry, supra, this “mere presence” cannot support his conviction. Judge Bowen, writing for this court in Thomas v. State, 363 So.2d 1020, 1022 (Ala.Cr.App.1978), held: “The possibility that a thing may occur is not alone evidence, even circumstantially, that the thing did occur.” (citations omitted). In this case, the possibility exists that the appellant knew of the existence of the marijuana, but no evidence was presented at trial which could elevate this possibility to the level of circumstantial evidence. There was a failure of proof as to this element.
We therefore conclude that the factfinder at trial erred in holding that the state presented a prima facie case against this appellant. The state failed to make out a prima facie case of possession of a controlled substance.
For the foregoing reasons, we have no choice but to reverse the appellant’s conviction and to render judgment in his favor.
REVERSED AND RENDERED.
All the Judges concur.