After Remand from Alabama Supreme Court
The Alabama Supreme Court remanded this cause for this Court to consider the merits of Manuel Dee Rowell's argument that the trial judge erroneously admitted evidence *Page 826 
of a telephone pager found on his person and $800 in cash found in a work boot in the trunk of an automobile that the appellant owned jointly with Shawn Gray in his trial for possession of a controlled substance, in violation of § 13A-12-212(a)(1), Codeof Alabama 1975, Ex parte Rowell, 666 So.2d 823 (Ala. 1992). The appellant argues that the trial court committed reversible error in denying his motion to suppress the telephone pager and $800 in cash, because, he argues, this evidence was "irrelevant, immaterial and unduly prejudicial" and should not have been admitted into evidence in his trial for possession of a controlled substance.
The evidence presented by the State tended to show that, on January 31, 1991, police officers in the vice and narcotics division of the Opelika Police Department obtained a search warrant, authorizing a search of the appellant's residence and his car, as well as any individuals present at the time of the search. During the execution of that warrant, the police, with the aid of a drug-sniffing dog, discovered a matchbox that contained what appeared to be cocaine under the carpet of the floorboard of the driver's side of the appellant's car. The drug-sniffing dog also alerted to a work boot located in the trunk of the car. Although the boot contained no cocaine, it did contain $800 in cash. A search of the appellant's person revealed that he was carrying a telephone pager.
The appellant then presented the testimony of Mathew Gray, who testified that the appellant and Gray's brother, Shawn Gray, jointly owned the car in which the cocaine was found. He testified that his brother, Shawn, had died 10 days before the appellant's arrest and that his brother had had cocaine charges pending against him when he died. He testified that Shawn had driven the automobile in question. Additionally, Gray testified that he himself was also named as a suspect in the same search warrant authorizing the search of the appellant. He also testified that he had recently driven the car belonging to the appellant and his brother.
The appellant testified that he had no knowledge of the presence of the cocaine in his car. He also testified that the work boots, along with other items of clothing in the trunk, belonged to Shawn Gray. He stated that the money found in one of the boots did not belong to him.
In light of the Alabama Supreme Court's holding in Ex parteRowell, that the appellant's objections to the admission of the pager and the money were stated with specificity, and thus were preserved for appellate review, we must determine whether the trial court erred in allowing testimony concerning this evidence.
 "Any orderly analysis, as to the admissibility of an item of evidence, should begin with the concept of materiality. Fruitful inquiry into materiality can only begin when the objecting party succeeds in forcing his opponent to announce the purpose for which he is offering the evidence. Once that purpose is identified, the materiality question then becomes one of whether that purpose is an issue in the case being litigated. Stated alternatively, as expressed in the Federal Rules of Evidence, materiality involves whether the purpose '. . . . is of consequence to the determination of the action. . . .'
 "It is imperative for counsel to begin any evidentiary analysis with a consideration of materiality. Going first to relevancy may have deadly results in some cases. First, it may cause one to overlook the issue of materiality. Secondly, it places the objecting party in the intellectually awkward position of irrelevancy. Lastly, the party who contends that the evidence is irrelevant — i.e. that the evidence doesn't lead in logic to the purpose for which it is offered — may be argued to have waived any subsequently asserted immateriality objection based upon the assertion that the purpose is of no consequence to the action being litigated."
C. Gamble, McElroy's Alabama Evidence § 20.01 (4th ed. 1991). Regarding the test of relevancy employed in this state, it is well settled that evidence is relevant if it has any logical relationship to the purpose for which it is offered. "[U]nder this liberal test, a fact is admissible if it has any probative value, however slight, upon a matter in the case." SeeMcElroy's Alabama Evidence § 21.01. *Page 827 
Applying the foregoing principles to this case, we hold that the evidence was not material. More particularly, a review of the record indicates that the State was ostensibly proceeding under a theory of "possession with intent to sell." Such a theory is not recognized in this State, and evidence related to that theory is certainly not material to the charge of possession. The only evidence that should have been considered by the jury is evidence related to the issue whether the appellant possessed a controlled substance, and whether that substance was, in fact, cocaine.
In Johnson v. State, 484 So.2d 1121 (Ala.Cr.App. 1985), this Court answered in the affirmative the question of whether the "street value" of a prohibited substance is immaterial where the defendant was charged with "possession". In Johnson, because the evidence tending to establish the defendant's guilt was strong, this Court held that the admission of otherwise immaterial evidence was harmless. Rule 45, A.R.App.P. See alsoHare v. State, 53 Ala. App. 596, 302 So.2d 569 (1974) (wherein this Court held that, under the statute making it unlawful to possess heroin, the quantity of the drug possessed was immaterial because it was the possession that constituted a violation.); Cf. Reed v. State, 401 So.2d 131, 136
(Ala.Cr.App. 1981), writ denied, 401 So.2d 139 (Ala. 1981) (search of defendant's house revealed 24 pounds of marijuana, 2 sets of scales, 3 cigarette rollers, guns, and money, this court found that evidence of the guns and money was relevant as part of the res gestae and had probative value to establish that defendant's possession of marijuana was not for personal use only in trafficking case.)
In this case, the admission of the evidence constituted reversible error. The trial court granted the appellant's motion to suppress his statements to police officers which he admitted that he had sold drugs in the past, but said that he had discontinued that practice. The trial court stated, "[t]hese statements are having to do with the subject of whether or not he is selling, has sold, no longer sells cocaine. An entirely different and more serious charge."
The facts indicate that the appellant was not shown to be in actual possession of the cocaine recovered by the police, in that the cocaine was found under a floorboard of a car which was jointly owned by the appellant and a recently deceased individual.
In Palmer v. State, 593 So.2d 143, 145 (Ala.Cr.App. 1991) this Court stated:
 "In order for the state to prove possession of a controlled substance, it must show: (1) actual or potential physical control, (2) an intent to exercise dominion, and (3) external manifestations of intent and control over the illegal substance. Korreckt v. State, 507 So.2d 558, 564
(Ala.Cr.App. 1986); Donahoo v. State, 505 So.2d 1067, 1070 (Ala.Cr.App. 1986); Radke v. State, 52 Ala. App. 397, 398, 293 So.2d 312, 313 (1973), aff'd, 292 Ala. 290, 293 So.2d 314 (1974). 'Where constructive possession is relied on the state must also prove beyond a reasonable doubt that the accused knew of the presence of the prohibited substance.' Temple v. State, 366 So.2d 740, 741
(Ala.Cr.App. 1978). Knowledge is usually established by circumstantial evidence. Korreckt, 507 So.2d at 565.
 "When a person is in the nonexclusive possession of the premises where the controlled substance is found, an inference cannot be made that he knew of the presence of any controlled substance, unless there exist circumstances that support the inference. Temple, 366 So.2d at 743. There must be evidence that connects the defendant with the controlled substance. Id.
 " '[W]hile establishing the close proximity of a defendant to an illegal substance is relevant to show his knowledge of its presence, this [alone] is insufficient to prove the required knowledge necessary to support a finding of constructive possession. Smith v. State, 457 So.2d 997
(Ala.Cr.App. 1984). Furthermore, a defendant's mere presence in an automobile in which an illegal substance is found will not support his conviction for possession of that substance unless the state introduces other evidence in support of the defendant's possession. Story v. State, 435 So.2d 1360 (Ala.Cr.App. 1982), *Page 828 
rev'd on other ground, 435 So.2d 1365
(Ala. 1983). The kinds of other evidence or circumstances that could provide the additional support necessary to show possession are unlimited and will vary with each case. Temple v. State, 366 So.2d 740
(Ala.Cr.App. 1978).'
 Perry v. State, 534 So.2d 1126, 1128
(Ala.Cr.App. 1988)." (Emphasis added.)
Here, the only inculpable evidence against the appellant was that cocaine was found under the carpet of the floorboard of the jointly owned automobile, which he was driving at the time of the arrest. Because the State was unable to prove that the appellant was in exclusive possession of the vehicle in which the cocaine was discovered, it was incumbent upon the State to proffer additional evidence to support the inference that the appellant knew of the presence of the cocaine. See Rose v.State, 598 So.2d 1040, 1043 (Ala.Cr.App. 1992) ("in determining whether a particular error was harmless or prejudicial, this court is to review a defendant's trial as a whole, rather than to focus solely on the error involved"). Thus, the evidence in question, while having little probative value in regard to a charge of possession, was highly prejudicial because it implied that the appellant might be guilty of another offense.
After reviewing the record, we are convinced that the evidence in question was highly prejudicial to the appellant and might have improperly influenced the jury's verdict. SeeEx parte McCrary, 500 So.2d 1201 (Ala.Cr.App. 1986); Lambeth v.State, 562 So.2d 573 (Ala.Cr.App. 1989), aff'd, 562 So.2d 575
(Ala. 1990).
The judgment of the trial court is therefore reversed and the cause remanded for action consistent with this opinion.
REVERSED AND REMANDED.
TAYLOR and PATTERSON, JJ., concur.
BOWEN, P.J., dissents with opinion.
MONTIEL, J., joins Judge BOWEN's dissent.