673 So.2d 851 (1995)
Anthony BRIGHT
v.
STATE.
CR-94-1029.
Court of Criminal Appeals of Alabama.
December 1, 1995.
*852 Valerie L. Palmedo, Anniston, for Appellant.
Jeff Sessions, Atty. Gen., and John Park, Deputy Atty. Gen., for Appellee.
LONG, Judge.
The appellant, Anthony Bright, was convicted of illegal possession of a controlled substance, cocaine, a violation of § 13A-12-212, Ala.Code 1975, and was sentenced to three years' imprisonment.
The state relied on a theory of constructive possession in this case. The appellant contends that the evidence presented at trial was insufficient to prove that he had constructive possession of the controlled substance. Thus, he maintains that it was error for the trial court to deny his motion for a judgment of acquittal.
"Possession, whether actual or constructive, has the following three attributes: (1) `[A]ctual or potential physical control, (2) intention to exercise dominion and (3) external manifestations of intent and control.' Radke v. State, 52 Ala.App. 397, 398, 293 So.2d 312, 313, aff'd, 292 Ala. 290, 293 So.2d 314 (1974). `Constructive possession may be determined by weighing facts tending to support a defendant's necessary control over the substances against facts which demonstrate a lack of dominion and control.' Crane v. State, 401 So.2d 148, 149 (Ala.Cr.App.), cert. denied, 401 So.2d 151 (Ala.1981)....
". . . .
"When ... constructive possession is relied on, the State must also adduce some facts or circumstances from which the jury could find beyond a reasonable doubt that the accused had knowledge of the presence of the controlled substance. Ex parte Story, 435 So.2d 1365 (Ala.1983); Lyons v. State, 455 So.2d 295 (Ala.Cr.App.1984); Temple v. State, 366 So.2d 740 (Ala.Cr. App.1978). Additionally, `knowledge by the accused of the presence of the controlled substances is an essential element and prerequisite to conviction for the offense of illegal possession of a controlled substance under the Alabama Controlled Substances Act.' Temple, 366 So.2d at 741. See also Walker v. State, 356 So.2d 672, 674 (Ala.1977), and § 20-2-80(2). Such knowledge may [be], and usually is, established by circumstantial evidence. Walker v. State, 356 So.2d 674, 675 (Ala. Cr.App.), cert. denied, 356 So.2d 677 (Ala. 1978)."
"When an accused has exclusive possession of the premises, where contraband is discovered, a logical inference arises that the accused had knowledge of the presence of the contraband. See Grubbs v. State, 462 So.2d 995 (Ala.Cr.App.1984). However, when an accused `is in possession, but not exclusive possession of premises, it may not be inferred that he knew of the presence of any controlled substance found there unless there are other circumstances tending to buttress this inference.... What is required is some evidence that connects the defendant with the contraband that is found.' Temple, 366 So.2d at 743."
Korreckt v. State, 507 So.2d 558, 564-65 (Ala. Cr.App.1986); see also Sullivan v. State, 651 So.2d 1138, 1139 (Ala.Cr.App.1994).
Evidence adduced at trial showed the following. Investigators Steve Thomas and Jeffery Hargrave of the Anniston Police Department testified that on March 7, 1994, they were driving on a road in an area of Anniston known for its drug activity, when they saw several men congregated near a street corner. According to Investigator Hargrave, "we noticed what was going on. And just by the way they were acting and where they were ..., we knew we had a situation we needed to deal with." (R. 22.)
The investigators turned their vehicle around and pulled into a parking lot near where the men were gathered, stopping in front of a car that was parked in the lot. At that time, the appellant and three other men *853 were standing around the parked car. One of the car doors was open, and the appellant was standing next to the car, behind the open door. The other three men were standing to the rear of the car.
Investigator Hargrave testified that when the appellant saw the investigators approaching the car, his eyes "got real wide," and he appeared "obviously startled ... with a look of fear on his face." (R. 24.) Because the appellant was standing behind the open door, the investigators' view of the appellant was partially obstructed, and neither investigator could see precisely what the appellant was doing. Investigator Thomas testified that although "[y]ou could tell he was moving ..., [y]ou couldn't see exactly what he was doing." (R. 18.) He further testified that when the investigators began to approach the appellant, the appellant "began stooping over" behind the door and "fumbling around," as he looked over the top of the door at the investigators. (R. 17-18.) Investigator Hargrave testified that the appellant crouched down and "fumbl[ed] with his clothing [for] approximately three to five to six seconds." (R. 25.) The investigators testified that the appellant then walked to the rear of the car and began trying to install a piece of window tinting, in what they took to be an effort to appear as though he was ignoring the investigators' presence.
When the investigators approached the appellant's car, Investigator Hargrave found a beer bottle and a sock on the ground near the open car door where the appellant had been standing. The sock was lying on the ground below the car door, less than four inches underneath the car. Investigator Hargrave opened the sock and discovered 100 small plastic bags of what was later determined to be crack cocaine. Investigator Hargrave then searched the appellant and discovered $557.27 in the appellant's possession.
The appellant testified in his own behalf and stated that he had no knowledge of the sock containing the cocaine found underneath the car. He stated that he was in the process of tinting his car windows when the investigators pulled up in their car. The appellant, who was under 21 years of age at the time of the incident, testified that he put his beer down when the investigators approached because he was afraid that he would be arrested for drinking while under "the legal age." He stated that $400 of the money that Investigator Hargrave found in his possession was his girlfriend's and that $150 was money that he had received to paint a friend's car.
The appellant's girlfriend also testified at trial. She testified that the appellant was holding $400 of her money to be used to buy furniture for their apartment. She stated that the $400 she had given the appellant did not include any $100 bills. The defense also called Bryce Hill, who was present at the scene and who testified that he saw the appellant set a beer down when the investigators drove up but that he did not see the appellant put anything else down.
On rebuttal, Investigator Hargrave testified that the $557.27 he found on the appellant consisted of three $100 bills, eleven $20 bills, one $10 bill, five $5 bills, one $1 bill, and $1.27 in change. The appellant made a motion for a judgment of acquittal after he had presented his evidence.
The evidence presented was sufficient to prove constructive possession. The trier of fact could reasonably conclude that the appellant had had cocaine in his possession, which he attempted to hide from the police when they approached. The facts in this case are strikingly similar to those in W.L.L. v. State, 649 So.2d 1335 (Ala.Cr.App.1994). In W.L.L., police officers found a matchbox containing eight rocks of crack cocaine underneath the passenger side of a car, within arm's reach of where the defendant had been sitting in the car. Just before finding the matchbox, one officer had observed the defendant open the passenger door and bend over, as if to put something under the car. In upholding the defendant's conviction for possession of cocaine, this court stated:
"`"The apparent purpose of a constructive possession doctrine is expansion of the scope of possession statutes to encompass those cases where actual possession at the time of arrest cannot be shown, but `where the inference that there has been possession at one time is *854 exceedingly strong.'" Whitebread and Stevens, Constructive Possession in Narcotics Cases: To Have and Have Not, 58 Va.L.Rev. 751, 755 (1972), (quoting First Report of the National Commission on Marijuana and Drug Abuse, Appendix 139).'
Hamilton v. State, 496 So.2d 100, 103-04 (Ala.Cr.App.1986).
". . . .
"The State presented sufficient evidence to prove constructive possession.
"`[A] defendant's mere presence in an automobile in which an illegal substance is found will not support his conviction for possession of that substance unless the state introduces other evidence in support of the defendant's possession. Story v. State, 435 So.2d 1360 (Ala.Cr. App.1982), rev'd on other grounds, 435 So.2d 1365 (Ala.1983). The kinds of other evidence or circumstances that could provide the additional support necessary to show possession are unlimited and will vary with each case. Temple v. State, 366 So.2d 740 (Ala.Cr.App.1978).'

Perry v. State, 534 So.2d 1126, 1128 (Ala. Cr.App.1988). `The defendant's knowledge of the presence of the substance may be shown by circumstantial evidence.' Perry, 534 So.2d at 1128. `Knowledge is usually established by circumstantial evidence.' Rowell v. State, 666 So.2d 825, 827 (Ala.Cr. App.1993). `"[G]uilty knowledge may be established by the surrounding facts and circumstances."' Coslett v. State, 641 So.2d 302, 306 (Ala.Cr.App.1993).
"In this case, abundant circumstances existed from which the [defendant's] knowledge of the presence and control of the cocaine could be inferred. `Proximity to illegal drugs, presence on the property where they are located, or mere association with persons who do control the drugs may be sufficient to support a finding of possession when accompanied with testimony connecting the accused with the incriminating surrounding circumstances.' German v. State, 429 So.2d 1138, 1142 (Ala.Cr.App.1982).
"Officer Prewitt testified that Prince [the driver of the car in which the defendant was a passenger] remained in his sight at all times and that Prince did not throw anything under the car, but he observed the [defendant] move in a manner that suggested to him that the [defendant] was putting something underneath the car, even though he could not see the [defendant's] hands. As this Court has recognized, `"[m]ost drug users separate themselves from their contraband as soon as a police officer approaches their person, residence or automobile."' Hamilton v. State, 496 So.2d 100, 104 (Ala.Cr.App.1986) (quoting Claudill, Probability Theory and Constructive Possession of Narcotics: On Finding That Winning Combination, 21 Jurimetrics J. 235, 240 (1977)). Officer Willingham testified that he found the matchbox containing the crack cocaine within the [defendant's] reach underneath the car. This testimony constitutes sufficient circumstantial evidence to allow the trier of fact to find beyond a reasonable doubt that the [defendant] had knowledge of the presence of the cocaine.
"`"When the presence of the accused at the scene is established and evidence of his knowledge of the presence of the prohibited substance is shown, along with any other incriminating evidence, the issue of the defendant's guilt should be submitted to the jury." Radke v. State, 292 Ala. 290, 292, 293 So.2d 314, 316 (Ala.1974). This Court will not set aside a conviction on the grounds of insufficiency of the evidence unless "`allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this court that it was wrong and unjust.'" Walters v. State, 585 So.2d 206, 210 (Ala.Cr.App. 1991) (quoting Johnson v. State, 378 So.2d 1164, 1169 (Ala.Cr.App.), cert. quashed, 378 So.2d 1173 (Ala.1979).'
Coslett v. State, 641 So.2d 302, 306 (Ala.Cr. App.1993)."
W.L.L., 649 So.2d at 1336-38.
Here, as in W.L.L., there was sufficient evidence to present the case to the jury on the issue of the appellant's constructive possession of the cocaine. The trial court did *855 not err in denying the appellant's motion for a judgment of acquittal.
The judgment in this case is due to be affirmed.
AFFIRMED.
All judges concur, except PATTERSON, J., who dissents with opinion.
PATTERSON, Judge (dissenting).
I respectfully dissent. In my opinion, the state failed to present sufficient evidence that Anthony Bright had constructive possession of the cocaine and, thus, the case should not have been submitted to the jury. It is my opinion that the trial court erred in overruling Bright's motion for a judgment of acquittal.