I concur in the majority's affirmance of Gibbs's conviction. However, I dissent from the majority's reversing Woods's conviction and rendering a judgment in his favor because there was not sufficient evidence to find him guilty of assault. After a review of the record, I must disagree.
The state's evidence tended to show that on the evening of July 23, 1995, Woods and his co-defendant, Christopher Gibbs, were together at the Ponderosa Club, a night club in Union Springs. Kimberly Jones testified that Gibbs got into a fight with another patron of the Club and that both Woods and Gibbs were armed while at the club. Woods was carrying a gun she described as "long, with a pump." Gibbs was carrying a handgun. After the argument Jones asked Gibbs to take her home and she, Woods, Gibbs, and another person she referred to as "Pooh" went to Hendley's Trailer Park. Jones testified that there were two handguns and a "pump" gun in the car at this time. When they pulled into the mobile home park, Gibbs said, "That is where that bitch stays," referring to his girlfriend, Sharon Jones, who was also Kimberly Jones's sister. Jones said that she jumped out of the car and ran to her home. When she got halfway there, she heard gunshots. She saw Kendall Rodgers running from her sister's trailer and yelling that he had been shot.
Kendall Rodgers testified that at around 3:30 a.m. on the morning of July 24, 1995, he was at Sharon Jones's trailer with her and her three children, when he heard a banging at the door. He said that he looked out and saw Gibbs standing at the door. He grabbed his gun and went towards the door. He testified that Gibbs kicked down the door, pulled a gun, and put it to Sharon Jones's head. He told both Jones and Rodgers to stand still and he then yelled out to Woods or the "other guy" "Bring my Glock (handgun), 'cause I'm going to kill this nigger." Gibbs then yelled, "Bitch, I'm fixing to kill you." Rodgers testified that when Gibbs yelled this, he pulled his pistol and shot at Gibbs. Several shots were fired and Gibbs ran out the door. Rodgers saw Woods and the "other guy" running away from the mobile home.
Although Woods may have not fired the shot that injured Rodgers, there was clearly sufficient evidence presented to show that Woods was an accomplice to the shooting. In Gwin v.State, 456 So.2d 845, 851 (Ala.Cr.App. 1984), this court stated: *Page 656 
 " 'Aid and abet "comprehend all assistance rendered by acts or words of encouragement or support or presence, actual or constructive, to render assistance should it become necessary." ' Jones v. State, 174 Ala. 53, 57, 57 So. 31 (1911), quoted in Radke v. State, 292 Ala. 290, 292, 293 So.2d 314 (1974). If the jury is convinced beyond a reasonable doubt that the defendant was present with a view to render aid should it become necessary, the fact that the defendant is an aider and abettor is established. Jones, supra; Raiford v. State, 59 Ala. 106, 108 (1877). 'The culpable participation of the accomplice need not be proved by positive testimony, and indeed rarely is so proved. Fuller v. State, 43 Ala. App. 632, 198 So.2d 625. Rather, the jury must examine the conduct of the parties and the testimony as to the surrounding circumstances to determine its existence.' Miller v. State, 405 So.2d 41, 46 (Ala.Cr.App. 1981); Watkins v. State, 357 So.2d 156, 159
(Ala.Cr.App. 1977), cert. denied, 357 So.2d 161
(Ala. 1978)."
(Emphasis added.)
There was sufficient evidence presented for the court to submit the case to the jury for its determination. The jury was free to conclude that Woods was an accomplice to the shooting. For these reasons, Woods's conviction should be affirmed; therefore, I must dissent.