The appellant, Marque William Pace, appeals from his convictions for trafficking in cannabis, a violation of §13A-12-231, Ala. Code 1975, and for resisting arrest, a violation of § 13A-10-41, Ala. Code 1975. He was sentenced to 15 years' imprisonment on the trafficking conviction, and to 6 months' imprisonment on the resisting-arrest conviction.
 I.
The appellant argues that the trial court erred in denying his motion to suppress what he says is illegally obtained evidence because, he says, the police officers failed to comply with the "knock-and-announce" requirement of the statute. § 15-5-9, Ala. Code 1975.
This issue, however, was not preserved for appellate review because the appellant failed to timely present this argument in his motion to suppress. See Culp v. State, 710 So.2d 1357
(Ala.Cr.App. 1996) (a statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial). In his motion, the appellant argued that the evidence should be suppressed because, he says, police officers lacked probable cause to search his residence and lacked probable cause to arrest him. Additionally, he *Page 203 
argued that the search warrant obtained by Officer White was invalid because it was issued by a municipal judge. During the hearing on the motion, the appellant argued only that the search was illegal because the warrant had been issued by a municipal judge. The trial court denied the motion to suppress. After the trial began, the State presented the testimony of the arresting officer regarding the search and introduced a copy of the search warrant. The appellant's objection, which he based on his earlier motion to suppress, was overruled. The following morning, the appellant again objected to the introduction of the copy of the warrant, but stated as grounds the State's failure to comply with the "knock-and-announce" rule. See Craig v. State, 616 So.2d 364,366 (Ala.Cr.App. 1992) ("Objections to the admission of evidence must be made when the evidence is offered, along with specific grounds to allow the trial court to rule.") Thus, this objection was untimely.
 II.
The appellant argues that the trial court erred in denying his motion to suppress evidence he says was illegally seized because the warrant was issued by a municipal judge. Specifically, he contends that the statute governing municipal judges limits their power to issuing search warrants in cases involving violations of municipal law and state laws that can be prosecuted in municipal court. He argues that because the offense at issue here constituted a felony the municipal judge did not have jurisdiction.
The appellant's argument must fail because municipal judges have statutory authority to issue search warrants for any violation of state law — felony or misdemeanor — pursuant to § 12-14-32, Ala. Code 1975. Section 12-14-32 provides:
 "Municipal judges are authorized to issue arrest and search warrants for municipal ordinance violations returnable to the municipal court and for violations of state law returnable to any state court."
Thus, the appellant's claim is without merit.
 III.
The appellant argues that the trial court erred in denying his motion for a judgment of acquittal because, he says, the evidence presented by the State would not sustain his conviction. More particularly, he contends that the State failed to prove that he had knowledge of, and control over, the marijuana found in his trailer.
 "`"Possession of a controlled substance may be actual, i.e., on the person, or constructive, i.e., not `on the person.' Borden v. State, 523 So.2d 508
(Ala.Cr.App. 1987). Constructive possession arises in situations where the drugs are found on premises `owned or occupied' by the defendant. Borden." Moody v. State, 615 So.2d 126, 127 (Ala.Cr.App. 1992). In order to prove constructive possession, the state must show that 1) the appellant owned or controlled the premises where the drugs were found, and 2) the appellant had knowledge of the drugs. Moody.'
". . . .
 ". . .Because the appellant was in the nonexclusive possession of the patrol car, other evidence was required to show that the appellant knew the cocaine was in the car. However, `[t]he kinds of other evidence of circumstances that could provide the additional support necessary to show possession [are] unlimited and will vary with each case.' Palmer v. State, 593 So.2d 143 (Ala.Cr.App. 1991). See also Perry v. State, 534 So.2d 1126 (Ala.Cr.App. 1988), and Bright v. State, 673 So.2d 851 (Ala.Cr.App. 1995). Furthermore, knowledge is usually established by circumstantial evidence. See Rowell v. State, 666 So.2d 830 (Ala. 1995); Ward v. State, 484 So.2d 536 (Ala.Cr.App. 1995)."
Mitchell v. State, 713 So.2d 981, 983-84 (Ala.Cr.App. 1997). *Page 204 
The evidence presented by the State tended to show the following: Officer James Tilley of the Decatur Police Department testified that he was a member of the organized crime unit that executed a search warrant at a residence owned and occupied by the appellant. He testified that upon entering the appellant's trailer, he heard someone running down the hallway, shouting "Mom, its the police, get rid of it." He testified that the statement was made by the appellant's 19-year-old son who was subsequently handcuffed and searched for weapons. The police then secured the appellant's wife, Cynthia Hill, and 12-year-old step-daughter who was placed in her room. Officer Tilley testified that police officers had to shoot an attack dog that was kept inside the trailer. He testified that as he saw the appellant coming from one of the bedrooms, he ordered the appellant to "get down." The appellant refused to obey the order and continued to fight with them until he received facial injuries and was subsequently subdued with handcuffs. The appellant's bedroom was searched, and marijuana was found. Other marijuana and drug-related paraphernalia was found in the middle bedroom, a child's bedroom, and the kitchen. Additionally, a search of the appellant's bedroom closet revealed several rifles. Cynthia Hill gave a statement to the officers admitting that she had approximately three and one-half pounds of marijuana in the trailer and that she sold about one pound a week. The State presented the testimony of a forensic scientist who analyzed the evidence and found that it was marijuana and that it weighed approximately 3.38 pounds.
Here, the appellant's knowledge of the presence and control of, and his control over, the marijuana could be inferred from the facts and circumstances surrounding the search, including his resistance to obey the officers' orders. "When the presence of the accused at the scene is established and evidence of his knowledge of the presence of the prohibited substance is shown, along with any other incriminating evidence, the issue of the defendant's guilt should be submitted to the jury." Radke v. State, 292 Ala. 290, 292,293 So.2d 314, 316 (Ala. 1974). This Court will not set aside a conviction on the grounds of the insufficiency of the evidence unless "allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this court that it was wrong and unjust." W.L.L. v. State, 649 So.2d 1335, 1336-38 (Ala.Cr.App. 1994).
Because there was sufficient evidence to present the case to the jury on the issue of the appellant's constructive possession of the marijuana, the trial court did not err in denying the appellant's motion for a judgment of acquittal.
 IV.
The appellant argues that his trial counsel was ineffective. Specifically, he argues that trial counsel failed to renew his motion for a judgment of acquittal at the close of the evidence. Additionally, he argues that counsel failed to file a motion for a new trial.
The appellant's ineffective-assistance argument was not presented to the trial court and is therefore not reviewable on direct appeal. Johnson v. State, 716 So.2d 745 (Ala.Cr.App. 1997).
 V.
The State asks us to remand this cause for re-sentencing to allow the trial court an opportunity to apply the five-year enhancement provision for possession of firearms to the appellant's sentence, as required by § 13A-12-231(13), Ala. Code 1975. Additionally, the State asks us to direct the trial court to impose the mandatory fine of $25,000. The record indicates that the trial court inadvertently imposed a fine of $20,000. We also note that the trial court failed to impose the applicable mandatory fine under the Demand Reduction *Page 205 
Assessment Act as required by § 13A-12-281, Ala. Code 1975.
Section 13A-12-231(1)(a), Ala. Code 1975, provides:
 "(1) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, in excess of one kilo or 2.2 pounds of any part of the plant of the genus Cannabis, whether growing or not, the seeds thereof, the resin extracted from any part of the plant, and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds, or resin including the completely defoliated mature stalks of the plant, fiber produced from the stalks, oil or cake, or the completely sterilized samples of seeds of the plant which are incapable of germination is guilty of a felony, which felony shall be known as `trafficking in cannabis.'. . . If the quantity of cannabis involved:
 "(a) Is in excess of one kilo or 2.2 pounds, but less than 100 pounds, the person shall be sentenced to a mandatory minimum term of imprisonment of three calendar years and to pay a fine of twenty-five thousand dollars ($25,000)."
Section 13A-12-231(13) provides:
 "(13) Notwithstanding any provision of law to the contrary, any person who has possession of a firearm during the commission of any act proscribed by this section shall be punished by a term of imprisonment of five calendar years which shall be in addition to, and not in lieu of, the punishment otherwise provided, and a fine of twenty-five thousand dollars ($25,000); the court shall not suspend the five-year additional sentence of the person or give the person a probationary sentence."
The record indicates that the trial court found that the firearm enhancement did not apply to the appellant's sentence because he did not use a firearm during the search. However, inYnosencio v. State, 629 So.2d 795 (Ala.Cr.App. 1993), the appellant was convicted of trafficking and his sentence was enhanced pursuant to the firearms statute. On appeal, the appellant argued that the enhancement statute should not have been applied in his case because, he said, he did not have "actual" possession of the firearm at the time of the search of his vehicle. This Court rejected the argument and stated:
 "We have not been directed to a single case that has dealt with the meaning of the word `possession' as it is used in § 13A-12-231(13). It is clear, however, throughout § 13A-12-231, that the legislature has generally sought to curb the `actual or constructive possession' of narcotics. We find that the word `possession' as used in § 13A-12-231 (13) includes both actual or constructive possession of a firearm is its definition.
 "We believe that the legislature's primary purpose in enacting the firearm statute was to alleviate the inherent danger that arises whenever narcotics and firearms are brought together. Obviously, firearms are dangerous when they are in the actual possession of a narcotics trafficker. Yet, they are just as dangerous when they are in the trafficker's constructive possession. The facts that a firearm is temporarily being stored in a trafficker's glove compartment, desk drawer, or, in this case, locked toolbox, makes the firearm no less dangerous. The firearm is still capable of being used by the trafficker. Thus, we believe that the legislature intended for the word `possession' as found in the firearms enhancement statute to mean both actual or constructive possession.
 "In the instant case, it appears clear that Ynosencio was in constructive possession of the firearm found in his locked toolbox. The toolbox was attached to his truck and could only be opened with one of the keys on his key chain. See Meadows v. State, 584 So.2d 953 (Ala.Cr.App. 1991). Therefore, the *Page 206 
trial court properly enhanced Ynosencio's sentence."
Ynosencio, 629 So.2d at 797.
Thus, this cause should be remanded to the trial court to hold a hearing to determine whether the appellant had constructive possession of the firearm at the time of the offense. The trial court should make findings of fact which shall be filed with this court within 45 days of the release of this opinion.
Additionally, the statute imposing the "demand reduction assessment" fee, § 13A-12-281, Ala. Code 1975, provides, in pertinent part:
 "(a) In addition to any disposition and fine authorized by Sections 13A-12-202, 13A-12-203, 13A-12-204, 13A-12-211, 13A-12-212, 13A-12-213, 13A-12-215, or 13A-12-231, or any other statute indicating the dispositions that can be ordered for such a conviction or an adjudication of delinquency, every person convicted of, or adjudicated delinquent for, a violation of any offense defined in the sections set forth above, shall be assessed for each such offense an additional penalty fixed at $1,000 for first offenders and $2,000 for second and subsequent offenders."
This cause is therefore remanded to the trial court to hold a hearing regarding possible constructive possession of the firearm and to impose the mandatory fines. Due return should be made to this Court within 45 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
Long, P.J., and Cobb, Baschab, and Fry, JJ., concur.