I respectfully dissent from the opinion reversing Fitkin's conviction on the basis that the state failed to establish that he constructively possessed the marijuana found in the truck.
In Ex parte Woodall, 730 So.2d 652 (Ala. 1998), this Court addressed the role of appellate courts in reviewing the sufficiency of the evidence in a criminal case:
 "`In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution. Faircloth v. State, 471 So.2d 485 (Ala.Cr.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985.' Powe v. State, 597 So.2d 721, 724 (Ala. 1991). It is not the function of this Court to decide whether the evidence is believable beyond a reasonable doubt, Pennington v. State, 421 So.2d 1361 (Ala.Cr.App. 1982); rather, the function of this Court is to determine whether there is legal evidence from which a rational finder of fact could have, by fair inference, found the defendant guilty beyond a reasonable doubt. Davis v. State, 598 So.2d 1054
(Ala.Cr.App. 1992). Thus, `[t]he role of appellate courts is not to say what the facts are. [Their role] is to judge whether the evidence is legally sufficient to allow submission of an issue for decision [by the finder of fact].' Ex parte Bankston, 358 So.2d 1040, 1042 (Ala. 1978) (emphasis original)."
730 So.2d at 658.
I believe the evidence presented in this case was sufficient to establish constructive possession of the marijuana. Thus, the jury could have reasonably concluded that Fitkin knew of the marijuana and that he possessed it for his personal use. SeeBright v. State, 673 So.2d 851 (Ala.Crim.App. 1995); W.L.L. v.State, 649 So.2d 1335 (Ala.Crim.App. 1994). Accordingly, I would affirm the judgment of the Court of Criminal Appeals affirming Fitkin's conviction.
Maddox, J., concurs.