Rel: 8/29/14

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

_____

### 1130915

_____

**Ex parte Howard Lynn Creel**

**PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS**

(In re: Howard Lynn Creel

v.

State of Alabama)

(Cullman Circuit Court, CC-12-416;
Court of Criminal Appeals, CR-13-0288)

BRYAN, Justice.

WRIT DENIED. NO OPINION.

Stuart, Bolin, Parker, Shaw, Main, and Wise, JJ., concur.

Moore, C.J., and Murdock, J., dissent.

1130915

MOORE, Chief Justice (dissenting).

I am not convinced that the jury had before it sufficient evidence from which to conclude beyond a reasonable doubt that Howard Lynn Creel knew that a passenger in the vehicle Creel was driving, Michael Shane Hardin, had methamphetamine in his possession. "'Where the accused is not in exclusive possession of the premises, his knowledge of the presence of a controlled substance may not be inferred 'unless there are circumstances tending to buttress this inference.'" Ex parte Harper, 594 So. 2d 1181, 1194-95 (Ala. 1991)(quoting Lyons v. State, 455 So. 2d 295, 296 (Ala. Crim. App. 1984)). The fact that Creel fled the scene in the vehicle was not sufficient to establish that he knew that Hardin possessed the methamphetamine. There are many other reasons Creel might have fled the scene. Moreover, arresting officer Jimmy Barnes testified that he did not smell the methamphetamine until he unzipped the bag containing the methamphetamine. There is no evidence indicating that Creel was in the officer's presence while the bag was unzipped; therefore, there is no evidence indicating that he could have smelled the methamphetamine before fleeing. In light of the foregoing, I believe there was not enough evidence to connect

2

1130915

Creel to the methamphetamine for the purposes of prosecution under § 13A-12-218, Ala. Code 1975; therefore, I dissent.