AFTER REMAND FROM ALABAMA SUPREME COURT
This cause was remanded to this court from the Alabama Supreme Court for consideration in light of Harris v.Reed, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308
(1989). 559 So.2d 576.
The appellant was convicted of the intentional murder of his eight-month-old son and sentenced to life imprisonment.
 I
The appellant argued that the evidence presented by the State was circumstantial and was insufficient to support his conviction because the State failed to prove that he had any intent to cause the death of his child. However, the State provided sufficient circumstantial evidence by presenting the testimony of the pediatrician who made the initial examination of the infant. That witness testified that he found retinal hemorrhaging in the child's eyes, as well as signs of swelling of the brain, which occurs only due to trauma, such as violent shaking and impact. The child was diagnosed as being the victim of "Shaken Infant Syndrome." A specialist in pediatric neurology testified for the State that he examined the baby at Children's Hospital in Birmingham. He testified that he found indications of tremendous pressure from behind the baby's eyes and that the baby's brain stem was severely damaged. Moreover, the brain was swollen and covered with blood. He testified that the pressure inside the baby's head had split the bones and the skull. He further testified that the baby was suffering from whiplash sustained from "Shaken Infant Syndrome." He stated that the injuries could not have been self inflicted, nor could they have been resulted from attempts at resuscitation by the appellant. The evidence presented was undisputed that the appellant was the only person in the house with the child when he was injured. There was also evidence that the appellant had recently taken out life insurance policies on the child.
The appellant testified that he had been outside barbecuing, while the baby was in the house in his playpen. He testified that when he heard the baby cry out, he went inside and found that the child had stopped breathing. He testified that he attempted *Page 993 
to revive the child by breathing into his mouth and slapping him on the jaws.
Circumstantial evidence will support a conviction as stoutly as direct evidence as long as such evidence indicates the appellant's guilt. Agee v. State, 470 So.2d 1331, 1332
(Ala.Cr.App. 1985). Moreover, where sufficiency of the evidence is at issue, this court must view the evidence in the light most favorable to the State. Gossett v. State,451 So.2d 437, 439 (Ala.Cr.App. 1984). The question of the sufficiency of the evidence was properly submitted to the jury and this court will not substitute its judgment for that of the jury. Stone v. State, 501 So.2d 562, 656 (Ala.Cr.App. 1986), overruled on other grounds, Ex parte Boyd,542 So.2d 1276 (Ala. 1989), cert. denied, ___ U.S. ___,110 S.Ct. 219, 107 L.Ed.2d 172 (1989).
 II
The appellant argued that the trial court erred in denying his motion for new trial, based on allegedly prejudicial remarks made by the prosecutor during his closing argument. The appellant refers to the prosecutor's comment referring to the fact that the appellant had another child at home. Following this comment, the prosecutor concluded his argument; the trial court ordered a break in the proceedings and excused the jury. The appellant failed to object to the comment until after the jury returned following this break. He then made a motion for mistrial on the basis of the prosecutor's comment.
The other allegedly prejudicial remark made by the prosecutor, which the appellant cites as reversible error, was made during rebuttal. The comment was as follows:
 "You've heard a preacher, a city councilman, a nurse, a business man, and a young lady — young working lady, newly married, all testify about his [the appellant's] good character. The State says, well, they've heard bad things too. That was after he was arrested."
The appellant failed to object at this point, and the prosecutor finished his rebuttal. The jury was then excused, and the appellant, at that time, made his objection.
Therefore, neither objection was timely made and, therefore, this matter is not preserved for review. Redus v. State,398 So.2d 757, 762 (Ala.Cr.App.), cert. denied, 398 So.2d 762 (Ala. 1981).
 III
The appellant argued that the trial court erred in denying his motion for continuance. The record indicates that, three days prior to trial, the appellant moved for a continuance in order to question a medical expert, pursuant to a statement which the prosecution had provided to the appellant a month prior to trial.
A motion for continuance in a criminal case is addressed to the sound discretion of the trial court, the exercise of which will not be disturbed on appeal unless clearly abused. Exparte Saranthus, 501 So.2d 1256 (Ala. 1986); Weaver v.State, 401 So.2d 344 (Ala.Cr.App. 1981). The trial court did not abuse its discretion in denying the appellant's request for continuance, as the record reflected that his attorneys had adequate time to prepare his case and to contact witnesses.Nance v. State, 416 So.2d 437 (Ala.Cr.App. 1982).
AFFIRMED.
All the Judges concur.