Nanh Tan Nguyen, the appellant, was convicted of the unlawful possession of a short-barreled rifle in violation of Ala. Code 1975, § 13A-11-63. He was sentenced to five years' imprisonment as a habitual felony offender.
On this appeal from that conviction, the appellant contends that the trial court should have granted his motion for a directed verdict of acquittal.
The State's case-in-chief consisted of the testimony of Mobile Police Officer Patricia Larrison. She testified that she observed an apparently intoxicated appellant and a juvenile, B.P., get into a four-door Oldsmobile through a passenger door. The driver's door was damaged so that it could not be opened. The appellant got in first and was followed by B.P. When stopped, the appellant was in the driver's seat, and B.P. was in the passenger's seat. The vehicle was registered to Cal Hi.
The appellant was placed under arrest for drunken possession of a motor vehicle and placed in a patrol car. An inventory of the Oldsmobile revealed a short-barreled rifle, as defined by Ala. Code 1975, § 13A-11-62(4), under the passenger's side of the front seat. Officer Larrison testified that she observed about one inch of the rifle butt sticking out from under the seat. She could not identify what was under the seat until she pulled the rifle out from under the seat. The juvenile was also charged with possession of a short-barreled rifle.
After Officer Larrison testified, the State rested and defense counsel made a motion for a judgment of acquittal "on the grounds of the insufficiency of the evidence and also on the grounds that the State hasn't proved beyond a reasonable doubt that my client had knowledge that this rifle was in the car." The trial court denied the motion stating, "The question is to knowledge or intent. It's a question of fact which the jury would have to ultimately determine." In that ruling, the trial court committed reversible error.
"[W]here the sufficiency of the evidence is tested by a motion for a judgment of acquittal, we may examine only that evidence which was before the court at the *Page 123 
time the motion was made." Kimbrough v. State, 544 So.2d 177,181 (Ala.Cr.App. 1989). Because the appellant made a motion for a directed verdict of acquittal at the close of the State's case-in-chief, this Court cannot consider the evidence presented by the State in its case on rebuttal.
In Alabama, there is no statutory presumption that the presence of a forbidden weapon in an automobile is presumptive evidence of its possession by all occupants of the vehicle. See Annot., 87 A.L.R.3d 949 (1978). Instead, the principles enunciated in Ex parte Story, 435 So.2d 1365 (Ala. 1983), which involved a prosecution for the possession of a controlled substance found in an automobile, govern this case:
 "[T]he mere presence of a defendant in an automobile containing contraband is not sufficient in and of itself to support a conviction for possession of a controlled substance. Parks v. State, 46 Ala. App. 722, 248 So.2d 761 (1971); Rueffert v. State, 46 Ala. App. 96, 237 So.2d 520
(1970). The State must introduce additional evidence from which the defendant's unlawful possession of the contraband could be inferred in order to support a conviction. See 57 A.L.R.3d 1319. Knowledge of the presence of the controlled substance by the defendant must also be established beyond a reasonable doubt. Temple v. State, 366 So.2d 740 (Ala.Cr.App. 1978)."
Story, 435 So.2d at 1366.
Under the particular facts of this case, we find that the evidence was not sufficient to warrant the conclusion that the appellant was in constructive possession of the weapon found under the front passenger's seat of the automobile in which he was not the sole occupant. See Annot., 57 A.L.R.3d 1319, at § 12 (1974). Cf. Spears v. State, 500 So.2d 96, 97-98
(Ala.Cr.App. 1986).
 "[T]he possibility that a thing may occur is not alone evidence even circumstantially, that the thing did occur.
". . . .
 "The only inference raised by the state's evidence presented in this case is that it was possible that this appellant may have committed this offense. Beyond this possibility, resort must be had to surmise, speculation, and suspicion to establish the appellant's criminal agency in the offense charged. No rule is more fundamental or better settled than that convictions cannot be predicated on such bases."
Parker v. State, 280 Ala. 685, 691-92, 198 So.2d 261, 268
(1967).
The judgment of the circuit court is reversed, and the cause rendered on authority of Burks v. United States, 437 U.S. 1,98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).
REVERSED AND RENDERED.
All Judges concur.