The appellant, Charles Seaton, was convicted of theft of property in the first degree, in violation § 13A-8-3, Code of Alabama 1975. He was sentenced to two years imprisonment, and that sentence was suspended and he was placed on two years' supervised probation.
The state's evidence tended to show that in January 1993 the victim, George Balmer, reported to the Montgomery County Sheriffs Department that three of his horses were missing.[1] The case was assigned to Willie Holdren, an investigator for the Montgomery County Sheriff's Department. During his investigation of the case, Holdren received word from the appellant that he knew where the missing horses were located. The appellant met with Holdren and told him that he knew where the horses were but that it would be a waste of time to look for the missing cows. Holdren did not know anything about missing cows at this time. The appellant then told Holdren that he had sold Balmer's cows without his permission. The next day, after consulting with Balmer, Holdren contacted Brenda Jones of South Alabama Livestock, Inc. She informed Holdren that South Alabama Livestock had written two checks to the appellant for the purchase of cows.
At trial Balmer testified that the appellant was not his partner, as he had claimed, but was an employee who had no authority to buy or sell cattle in Balmer's name. Balmer further testified that the appellant had stolen five cows valued at approximately $ 600 each.
The appellant contends that the trial court erred in denying his motion for a judgment of acquittal because, he says, the evidence was insufficient to support a verdict of guilt. Much of the appellant's argument is couched in terms of the weight of the evidence. However, the appellant appears to argue the sufficiency of the evidence on two issues.
 "The weight of the evidence is clearly a different matter from the sufficiency of the evidence. The sufficiency of the evidence concerns the question of whether, 'viewing the evidence in the light most favorable to the prosecution, [a] rational fact finder could have found the defendant guilty beyond a reasonable doubt.' Tibbs v. Florida, 457 U.S. 31, 37, 102 S.Ct. 2211, 2216, 72 L.Ed.2d 652 (1982). Accord, Prantl v. State, 462 So.2d 781, 784 (Ala.Cr.App. 1984). . . .
 "In contrast, 'the "weight of the evidence" refers to "a determination [by] the *Page 343 
trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other." ' Tibbs v. Florida, 457 U.S. at 37-38, 102 S.Ct. at 2216 (emphasis added [in Johnson]). We have repeatedly held that it is not the province of this court to reweigh the evidence presented at trial. E.g., Franklin v. State, 405 So.2d 963, 964 (Ala.Cr.App.), cert. denied, 405 So.2d 966 (Ala. 1981); Crumpton v. State, 402 So.2d 1081, 1085 (Ala.Cr.App.), cert. denied, 402 So.2d 1088 (Ala. 1981); Nobis v. State, 401 So.2d 191, 198 (Ala.Cr.App.), cert. denied, 401 So.2d 204
(Ala. 1981). ' "The credibility of witnesses and the weight or probative force of testimony is for the jury to judge and determine." ' Harris v. State, 513 So.2d 79, 81 (Ala.Cr.App. 1987) (quoting Byrd v. State, 24 Ala. App. 451, 136 So. 431
(1931))."
Johnson v. State, 555 So.2d 818, 819-20 (Ala.Cr.App. 1989). In this case, the conflicting evidence on whether there existed a partnership between the victim and the appellant presented a question for the jury to resolve. McMillian v. State,594 So.2d 1253 (Ala.Cr.App. 1991).
The appellant's remaining arguments concern the sufficiency of the evidence to support his conviction for first degree theft. Section 13A-8-2, Code of Alabama 1975, provides:
 "A person commits the crime of theft of property if he:
 "(1) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property; or
 "(2) Knowingly obtains by deception control over the property of another, with intent to deprive the owner of his property."
Section 13A-8-3, Code of Alabama 1975, defines theft of property in the first degree:
 "(a) The theft of property which exceeds $ 1,000.00 in value, or property of any value taken from the person of another, constitutes theft of property in the first degree."
First, appellant argues that the state's evidence was purely circumstantial and that that evidence was insufficient to prove that he committed theft in the first degree. He further argues that there was no evidence that he intended to commit theft.
In reviewing an issue concerning the sufficiency of the evidence, this court views the evidence presented at trial in the light most favorable to the state. Daniels v. State,581 So.2d 536 (Ala.Cr.App. 1990), writ denied, 581 So.2d 541
(Ala.), cert. denied, ___ U.S. ___, 112 S.Ct. 315,116 L.Ed.2d 257 (1991). Although much of the evidence presented in this was circumstantial, circumstantial evidence is not inferior or deficient evidence. Holder v. State, 584 So.2d 872 (Ala.Cr.App. 1991). "Circumstantial evidence will support a conviction as stoutly as direct evidence as long as such evidence indicates the appellant's guilt." Hughley v. State, 574 So.2d 991, 993
(Ala.Cr.App. 1990).
 "The true test of the sufficiency of circumstantial evidence to justify a conviction is whether the circumstances as proved produce a moral conviction to the exclusion of every reasonable doubt. It is not necessary for the circumstances to be 'such as are absolutely incompatible, upon every reasonable hypothesis, with the innocence of the accused.' "
Coleman v. State, 519 So.2d 965, 969 (Ala.Cr.App. 1987), quoting Cumbo v. State, 368 So.2d 871, 875 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1983).
The appellant also contends that the state failed to prove the appellant had the requisite intent to commit theft in the first degree. In a theft trial, intent is a question for the jury. Turrentine v. State, 574 So.2d 1006 (Ala.Cr.App. 1990). "Intent, . . . being a state or condition of the mind, is rarely, if ever, susceptible of direct or positive proof, and must usually be inferred from the facts testified to by witnesses and the circumstances as developed by the evidence."McCord v. State, 501 So.2d 520, 528-29 (Ala.Cr.App. 1986). The appellant said that he intended to reinvest the proceeds from the sale of the cattle in the partnership he alleged existed between Balmer and him.
In reviewing the evidence as set forth above, we conclude that the state presented *Page 344 
evidence at trial through the testimony of witnesses that the appellant was guilty of stealing Balmer's cows. Once the state has presented sufficient evidence to support a conviction, it is not this court's function, and we have steadfastly refused, to reweigh the evidence. The court did not err in denying the appellant's motion for a judgment of acquittal.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] The appellant was not prosecuted for stealing horses. The horses were ultimately found. It was this report of missing horses that led to the sheriff department's involvement in this case.