ON APPLICATION FOR REHEARING
COBB, Judge.
This court’s opinion of March 3, 1995, is hereby withdrawn and this opinion is substituted therefor.
This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Cobb on January 17,1995.
D.B., the appellant, was adjudged delinquent by the Juvenile Court of Lauderdale County, sitting as the finder of fact, on the underlying charges of discharging a firearm within the city limits of Florence, Alabama, a violation of § 16-36 of the Florence Municipal Code, and of carrying a pistol in a vehicle without a license for that weapon, a violation of § 13A-11-73, Code of Alabama 1975. The appellant was adjudicated delinquent on these charges and was placed on probation, ordered to perform 160 hours of community service and to pay fines and costs. This appeal followed.
The evidence adduced at trial tended to show the following. On March 3, 1994, Florence Police Officer Michael Lewis, the only witness to testify in this case, heard a series of gunshots. He ascertained that the shots were coming from a field in which, he said, a blue automobile was parked. The field was surrounded by a chain link fence with an open gate through which anyone could enter by a dirt road. Officer Lewis estimated the straight-line distance (from his position when he heard the shots) to the car to be approximately 100-125 yards and said that it took him about one to two minutes to drive to the scene. As he arrived, the blue car was leaving the area. He followed the car for a short distance until it weaved to the wrong side of the road. At this point, Officer Lewis activated his emergency lights and stopped the car. The car was occupied by three individuals; the appellant was in the front passenger seat. These individuals denied any knowledge of the gunshots. Officer Lewis then spotted two boxes of ammunition sitting on *252 the backseat of the ear, in plain view. A further search revealed two pistols under the front seat, one on the driver’s side and one on the passenger’s side. At this point, the appellant and his companions were placed under arrest and charged.
The burden is on the State in a delinquency hearing to prove, beyond a reasonable doubt, that the appellant committed the acts alleged in the petitions. See C.T.L. v. State, 599 So.2d 94, 95 (Ala.Crim.App.1992); § 12-15-65(d), Code of Alabama 1975.
I
The appellant argues that the evidence was not sufficient to support a conviction for discharging a firearm within the city limits of Florence.
“In reviewing an issue concerning the sufficiency of the evidence, this court views the evidence presented at trial in the light most favorable to the state. Daniels v. State, 581 So.2d 536 (Ala.Cr.App.1990), writ denied, 581 So.2d 541 (Ala.), cert. denied, 502 U.S. 914, 112 S.Ct. 315, 116 L.Ed.2d 257 (1991). Although much of the evidence presented in this case was circumstantial, circumstantial evidence is not inferior or deficient evidence. Holder v. State, 584 So.2d 872 (Ala.CrApp.1991). ‘Circumstantial evidence will support a conviction as stoutly as direct evidence as long as such evidence indicates the appellant’s guilt.’ Hughley v. State, 574 So.2d 991, 993 (Ala.Cr.App.1990).”
Seaton v. State, 645 So.2d 341, 343 (Ala.Crim.App.1994). In addition,
“ ‘[w]hen evidence is presented ore tenus, the court’s decision must be given every reasonable presumption and we will not overturn its finding “if it was supported by credible evidence unless it was palpably wrong.” Department of Human Resources v. Middleton, 519 So.2d 540 (Ala.Cr.App.1987).’
“C.D.U. v. State, 552 So.2d 178, 180 (Ala.Cr.App.1989).”
R.L.L. v. State, 564 So.2d 474, 476 (Ala.Crim.App.1990). Although Officer Lewis did not see anyone actually shooting weapons, he was able to pinpoint the location from which the shots originated. The car in which the appellant was riding was the only vehicle in this pinpointed area and there was no structure nearby. When the car was stopped by Officer Lewis, each of the occupants denied any knowledge of gunshots. However, the location of the car when the shots were fired together with the presence in the car of pistols and ammunition was sufficient circumstantial evidence to support a conviction for discharging a firearm within the city limits of Florence.
“ ‘ “Circumstantial evidence alone is enough to support a guilty verdict of the most heinous crime, provided the [factfin-der] believes beyond a reasonable doubt that the accused is guilty.” White v. State, 294 Ala. 265, 272, 314 So.2d 857, cert. denied, 423 U.S. 951, 96 S.Ct. 373, 46 L.Ed.2d 288 (1975). “Circumstantial evidence is in nowise considered inferior evidence and is entitled to the same weight as direct evidence provided it points to the guilt of the accused.” Cochran v. State, 500 So.2d 1161,1177 (Ala.Cr.App.1984), affirmed in pertinent part, reversed in part on other grounds, Ex parte Cochran, 500 So.2d 1179 (Ala.1985). “It is not necessary for a conviction that the defendant be proved guilty to the ‘exclusion of every possibility of innocence.’ ” “The facts and circumstances in evidence, if dissevered and disconnected, may be weak and inconclusive; but their probative force, when combined, as it was the province of the [factfinder] to combine them ... may have satisfied [it] of the guilt of the defendant.” Howard v. State, 108 Ala. 571, 18 So. 813, 815 (1895).’ ”
Cox v. State, 585 So.2d 182, 204 (Ala.Crim.App.1991), cert. denied, 503 U.S. 987, 112 S.Ct. 1676, 118 L.Ed.2d 394 (Ala.1992).
II
The appellant next challenges the sufficiency of the evidence to support his conviction for carrying a pistol in a vehicle without a license for that weapon. Specifically, the appellant contends that the State failed to prove that he had actual or constructive possession of the pistols found in the car. Section 13A-11-73 states:
*253 “No person shall carry a pistol in any vehicle or concealed on or about his person, except on his land, in his own abode or fixed place of business, without a license therefor as hereinafter provided.”
The State must prove that the appellant (1) was carrying a pistol, (2) in a vehicle, (3) without a license for that pistol. See Sellers v. State, 507 So.2d 540, 542-43 (Ala.Crim.App.1985), reversed on other grounds, 507 So.2d 544 (Ala.1986).
“In Alabama, there is no statutory presumption that the presence of a forbidden weapon in an automobile is presumptive evidence of its possession by all occupants of the vehicle.”
Nguyen v. State, 580 So.2d 122, 123 (Ala.Crim.App.1991).
In addition, the principles guiding the analysis of constructive possession of a controlled substance apply to the facts of this case. Id.
“Generally, three elements are necessary to establish possession of a controlled substance: (1) actual or potential physical control, (2) intention to exercise dominion and (3) external manifestations of intent and control. Rawls v. State, 585 So.2d 241 (Ala.Cr.App.1991). In order to prove constructive possession, the state must also prove that the accused had knowledge of the presence of the illegal substance. Bragg v. State, 536 So.2d 965 (Ala.Cr.App.1988). Also, “when the state asserts constructive possession, as it does in the instant case, “possession may be established by an adequate showing of surrounding facts and circumstances.” ’ Bacot v. State, 597 So.2d 754, 756 (Ala.Cr.App.1992), citing Franklin v. State, 437 So.2d 609, 611 (Ala.Cr.App.1983).”
Linville v. State, 634 So.2d 601, 602 (Ala.Crim.App.1993). Officer Lewis testified that the car belonged to the driver’s father. He also testified that the passenger in the backseat claimed that the two pistols belonged to his father.
“ ‘[T]he mere presence of a defendant in an automobile containing contraband is not sufficient in and of itself to support a conviction for possession of a controlled substance. Parks v. State, 46 Ala.App. 722, 248 So.2d 761 (1971); Rueffert v. State, 46 Ala.App. 36, 237 So.2d 520 (1970). The State must introduce additional evidence from which the defendant’s unlawful possession of the contraband could be inferred in order to support a conviction. See 57 A.L.R.3d 1319. Knowledge of the presence of the controlled substance must also be established beyond a reasonable doubt. Temple v. State, 366 So.2d 740 (Ala.Cr.App.1978).’
“[Ex parte] Story, 435 So.2d [1365] at 1366 [ (Ala.Crim.App.1983) ].”
Nguyen v. State, 580 So.2d at 123. See also Chatman v. State, 555 So.2d 305 (Ala.Crim.App.1989) (evidence insufficient to establish passenger’s constructive possession of marijuana when evidence was presented to show that he did not own the vehicle or display any suspicious or incriminating conduct and the driver claimed the contraband).
‘“When the accused is not in exclusive possession of the premises, ... knowledge [of the presence of the controlled substance] may not be inferred unless there are other circumstances tending to buttress this inference. Korreckt v. State, 507 So.2d 558 (Ala.Cr.App.1986); Temple v. State, 366 So.2d 740 at 743 (Ala.Crim.App.1978). While nonexclusive possession may raise a suspicion that all the occupants had knowledge of the contraband found, a mere suspicion is not enough. Some evidence that connects a defendant with the contraband is required. Grubbs v. State, 462 So.2d 995 (AIa.Cr.App.1984); Temple v. State. ’
“Robinette v. State, 531 So.2d 682, 686 (Ala.Cr.App.1987), reversed on other grounds, 531 So.2d 697 (Ala.1988). See also Ex parte Harper, [594 So.2d 1181, 1194-95 (Ala.1991) ].”
Menefee v. State, 592 So.2d 642, 644 (Ala.Crim.App.1991).
“ ‘The kinds of circumstances which may provide a connection between a defendant and [illegal drugs] are unlimited and will naturally depend on the facts of each particular case.’ Temple v. State, 366 So.2d 740, 743 (Ala.Cr.App.1978).”
Sullivan v. State, 651 So.2d 1138, 1139-40 (Ala.Crim.App.1994).
*254 Because the evidence in this case was sufficient to support the appellant’s conviction for discharging a firearm within the city limits of Florence, we are left with the clear inference that he had knowledge that the pistols were in the car. The proof of the appellant’s presence in the car along with incriminating evidence was sufficient to establish his constructive possession of the pistols. See Menefee v. State, 592 So.2d at 646.
The judgment of the trial court is affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION GRANTED; RULE 39(k) MOTION DENIED; AFFIRMED.
All the Judges concur except TAYLOR, J., who dissents with opinion.