HOUSTON, Justice.
The Juvenile Court of Lauderdale County, after hearing ore terms evidence, adjudged D.B. to be delinquent on the charge of discharging a firearm within the city limits of Florence, Alabama, in violation of Florence Municipal Code, § 16-36, and on the charge of carrying a pistol in a vehicle without a license to do so, in violation of Ala.Code 1975, § 13A-11-73. D.B. was placed on probation, ordered to perform 160 hours of community service, and ordered to pay fines and costs. The Court of Criminal Appeals, on March 3, 1995, reversed, holding that the evidence was insufficient to convict D.B. of the offenses for which he was charged. On application for rehearing, that court withdrew its original opinion and substituted an opinion affirming the convictions and holding as follows:
“[T]he location of the car when the shots were fired, together with the presence in the car of pistols and ammunition, was sufficient circumstantial evidence to support a conviction for discharging a firearm within the city limits of Florence.
[[Image here]]
“Because the evidence in this case was sufficient to support [D.B.’s] conviction for discharging a firearm within the city limits of Florence, we are left with the clear inference that he had knowledge that the pistols were in the car. The proof [that D.B. was] in the car along with incriminating evidence was sufficient to establish his constructive possession of the pistols.”
D.B. v. State, 678 So.2d 250, 252-54 (Ala.Crim.App.1995).
Presiding Judge Taylor dissented, adopting the language and reasoning of the with *256 drawn opinion. That withdrawn opinion had stated that the state’s evidence was not sufficient to prove beyond a reasonable doubt that D.B. had discharged a firearm within the city limits of Florence or that he had carried or possessed a pistol in a vehicle, without a license to do so. The Court of Criminal Appeals overruled D.B.’s application for rehearing and denied his Rule 39(k), Ala.R.App.P., motion, both without opinion. D.B. petitioned for certiorari review, which this Court granted to consider the sufficiency-of-the-evidence issue. We reverse and remand.
The issues before us are 1) whether the trial court clearly erred in holding that the evidence was sufficient to prove beyond a reasonable doubt that D.B. was in constructive possession of a pistol and 2) whether it clearly erred in holding that the evidence was sufficient to prove beyond a reasonable doubt that D.B. had discharged a firearm within the city limits of Florence.
The pertinent facts are as follows:
Around 3 p.m., Michael Lewis, a police officer, heard a series of gunshots. He saw no one actually shooting a firearm, but he specifically pinpointed that the gunshots came from a field where he saw ■ a blue vehicle parked. The field was surrounded by a chain link fence with an open gate, and the only entrance to the field was by a dirt road. When Officer Lewis pinpointed that the gunshots were coming from the field, he saw no one around the vehicle, no one getting into the vehicle, no one sitting in the vehicle, and no evidence of illegal activity around the vehicle.
The distance from where Officer Lewis heard the gunshots to where the vehicle was parked was approximately 100-125 yards, and it took about 2 minutes for him to drive there. Although Officer Lewis saw people on the front porch of a house near the entrance to the field, he saw no one else nor any other cars in the area where he had pinpointed the sound of gunshots.
As he arrived at the field, Officer Lewis saw the blue vehicle leaving. He followed the vehicle for a short distance until it pulled over on the wrong side of the road. He then activated his emergency lights and stopped the vehicle, which was occupied by three persons. D.B. was in the front passenger seat. When Officer Lewis questioned the three persons about the gunshots, all three denied hearing them. He then asked the three to get out of the vehicle and patted them down, but found no weapons on them. Officer Lewis next proceeded to search the vehicle; he noticed two boxes of ammunition on the back seat in plain view. A further search of the vehicle revealed two pistols — a .32 caliber pistol under the driver’s seat and a .357 Magnum under the front passenger’s seat where D.B. was sitting. Although the .357 Magnum was located under the front passenger’s seat where D.B. was seated, it was positioned toward the back of the front passenger seat in such a position that it was more accessible to the passenger in the back seat. The vehicle belonged to the driver’s father, and the pistols belonged to the father of the passenger in the back seat. When Officer Lewis asked the three persons about the pistols, all three denied knowing anything about the pistols, and none of them presented him with a license to carry a pistol in a vehicle.
Officer Lewis testified that he could not remember whether the guns were warm and that he could not specifically state that either of the pistols was the firearm he had heard fired that day in the pinpointed area.
We have found no case from this Court dealing with the unlawful possession of a pistol in a vehicle. However, in Nguyen v. State, 580 So.2d 122 (Ala.Cr.App.1991), in which the defendant had been convicted of constructive possession of a weapon found under the passenger seat of an automobile, which he was driving but did not own and in which he was not the sole occupant, the Court of Criminal Appeals wrote:
“In Alabama, there is no statutory presumption that the presence of a forbidden weapon in an automobile is presumptive evidence of its possession by all occupants of the vehicle. See Annot., 87 A.L.R.3d 949 (1978). Instead, the principles enunciated in Ex parte Story, 435 So .2d 1365 (Ala.1983), which involved a prosecution for *257 the possession of a controlled substance found in an automobile, govern this case:
“ ‘[T]he mere presence of a defendant in an automobile containing contraband is not sufficient in and of itself to support a conviction for possession of a controlled substance. Parks v. State, 46 Ala.App. 722, 248 So.2d 761 (1971); Rueffert v. State, 46 Ala.App. 36, 237 So.2d 520 (1970). The State must introduce additional evidence from which the defendant’s unlawful possession of the contraband could be inferred in order to support a conviction. See 57 A.L.R.3d 1319. Knowledge of the presence of the controlled substance by the defendant must also be established beyond a reasonable doubt. Temple v. State, 366 So.2d 740 (Ala.CrApp.1978).’
“Story, 435 So.2d at 1366.
[[Image here]]
“ ‘[T]he possibility that a thing may occur is not alone evidence even circumstantially, that the thing did occur.
[[Image here]]
“ ‘The only inference raised by the state’s evidence presented in this case is that it was possible that this appellant may have committed this offense. Beyond this possibility, resort must be had to surmise, speculation, and suspicion to establish the appellant’s criminal agency in the offense charged. No rule is more fundamental or better settled than that convictions cannot be predicated on such bases.’
“Parker v. State, 280 Ala. 685, 691-92, 198 So.2d 261, 268 (1967).”
580 So.2d at 123.
Adopting the reasoning of the Court of Criminal Appeals in Nguyen v. State and applying that rationale to this case, we conclude that, when viewed in the fight most favorable to the state, as required under the applicable standard of review, the evidence was insufficient to prove beyond a reasonable doubt that D.B. constructively possessed either of the pistols found in the vehicle. Rather, the only inference raised by the state’s evidence was that it was possible that D.B. may have committed this offense. A conviction cannot be premised on such a basis. Therefore, we hold that the trial court clearly erred in holding that the evidence was sufficient to prove beyond a reasonable doubt that D.B. was in constructive possession of a pistol.
Furthermore, although the evidence established that gunshots were fired from the general direction of the field where the vehicle in which D.B. was sitting was parked, there was no evidence that D.B. had fired the shots or even that shots had been fired from the pistols that were in the vehicle in which D.B. was a passenger. Therefore, we hold that the trial court clearly erred in holding that the evidence was sufficient to prove beyond a reasonable doubt that D.B. discharged a firearm within the city limits of Florence.
We note the Court of Criminal Appeals’ recent decision in C.D.J. v. State, 671 So.2d 139 (Ala.Crim.App.1995). In C.D.J., that court upheld an adjudication based on possession of a firearm. However, that case is factually different from this one. In C.D.J., the testimony established that shots had been fired from the front passenger seat of the vehicle in which C.D.J. was riding; that C.D.J. was in the front passenger seat when the officers stopped the vehicle; that when the officers searched the vehicle, they found guns that were still warm; and that one of the guns had a spent shell in the chamber.
The judgment of the Court of Criminal Appeals is reversed and the case is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, KENNEDY, and COOK, JJ., concur.
INGRAM and BUTTS, JJ., dissent.