On application for rehearing, the appellant, Gweneth Powers, correctly asserts that this court, in our original opinion, did not address her claim that the evidence was not sufficient to support her conviction for theft of property in the first degree, a violation of § 13A-8-3, Ala. Code 1975. The evidence presented at trial showed that the appellant purchased American Express traveler's checks from the Alabama Motorists Association, the local affiliate of the American Automobile Association ("AAA") on two separate occasions. On June 14, 1995, the appellant wrote AAA a check for $3,000.00 to purchase traveler's checks, and on June 19, 1995, she wrote a check for $3,500.00 to purchase traveler's checks. Both checks were written on the appellant's account at Valley Credit Union, and both checks were returned for "nonsufficient funds." Karen Grisham, the employee who sold the appellant the traveler's checks, telephoned the appellant concerning the returned checks and the appellant responded that she was having problems with her bank. Mrs. Grisham also telephoned Valley Credit Union repeatedly over a period of one week to determine whether there was sufficient money in the account to cover the two checks. She was informed that there was not. On June 27, 1995, the appellant's husband obtained copies of the checks from AAA, and he told Mrs. Grisham that someone was tampering with their (his and the appellant's) bank account and trying to put them out of business. When Mrs. Grisham told him that the appellant would be arrested if the checks were not paid, he told her, "It may have to come down to that." Mrs. Grisham subsequently learned that the traveler's checks had been cashed. She sent a registered letter to the appellant telling her that she needed to make sure the checks were paid, and the appellant signed the receipt, indicating she had received the letter. However, the appellant never made sure the checks were paid.
Pamela Ricks, the head teller at the Valley Credit Union, testified that there was not enough money in the appellant's account to pay either check the appellant wrote to AAA. Although a deposit was made to the account that would have covered the first check, another check written on the account for $1,300 and was paid to AmSouth Bank before the first check could be paid, again leaving insufficient funds in the account to cover the first check. Greg Hart, the branch manager at AmSouth Bank, testified that the appellant or her husband drove up to the drive-through window on June 22, 1995 and wrote a check for $1,300 on the Valley Credit Union account. After ascertaining from Valley Credit Union that there was enough money in the appellant's account to cover the check, the teller deposited part of the money into an account and gave the remainder in cash to the person at the window. AmSouth Bank promptly took the check to Valley Credit Union for payment out of the appellant's account, and that check was paid.
The Code of Alabama defines theft as follows:
"§ 13A-8-2. Theft of property; generally.
 "A person commits the crime of theft of property if he:
 "(1) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property; or
 "(2) Knowingly obtains by deception control over the property of another, with *Page 740 
intent to deprive the owner of his property."
First degree theft, for which the appellant was convicted, is defined as follows:
"§ 13A-8-3. Theft of property; first degree.
 "(a) The theft of property which exceeds $1,000.00 in value, or property of any value taken from the person of another, constitutes theft of property in the first degree."
This court has said:
 "In reviewing an issue concerning the sufficiency of the evidence, this court views the evidence presented at trial in the light most favorable to the state. Daniels v. State, 581 So.2d 536 (Ala.Cr.App. 1990), writ denied, 581 So.2d 541 (Ala.), cert. denied, 502 U.S. 911, 112 S.Ct. 315, 116 L.Ed.2d 257 (1991). Although much of the evidence presented in this was circumstantial, circumstantial evidence is not inferior or deficient evidence. Holder v. State, 584 So.2d 872 (Ala.Cr.App. 1991). `Circumstantial evidence will support a conviction as stoutly as direct evidence as long as such evidence indicates the appellant's guilt.' Hughley v. State, 574 So.2d 991, 993
(Ala.Cr.App. 1990).
 "`The true test of the sufficiency of circumstantial evidence to justify a conviction is whether the circumstances as proved produce a moral conviction to the exclusion of every reasonable doubt. It is not necessary for the circumstances to be "such as are absolutely incompatible, upon every reasonable hypothesis, with the innocence of the accused.'"
 Coleman v. State, 519 So.2d 965, 969
(Ala.Cr.App. 1987), quoting Cumbo v. State, 368 So.2d 871, 875 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1983).
 "The appellant also contends that the state failed to prove the appellant had the requisite intent to commit theft in the first degree. In a theft trial, intent is a question for the jury. Turrentine v. State, 574 So.2d 1006 (Ala.Cr.App. 1990). `Intent, . . . being a state or condition of the mind, is rarely, if ever, susceptible of direct or positive proof, and must usually be inferred from the facts testified to by witnesses and the circumstances as developed by the evidence.' McCord v. State, 501 So.2d 520, 528-29 (Ala.Cr.App. 1986)."
Seaton v. State, 645 So.2d 341, 343 (Ala.Cr.App. 1994). See also Woods v. State, 641 So.2d 316 (Ala.Cr.App. 1993), cert. denied, 513 U.S. 934, 115 S.Ct. 331, 130 L.Ed.2d 290 (1994);McMurphy v. State, 455 So.2d 924 (Ala.Cr.App. 1984).
Viewing the evidence in a light most favorable to the State, the factfinder could reasonably infer from the appellant's conduct and the circumstances of the case that the appellant intended to commit theft. Testimony presented at trial showed that, at the time of trial, the appellant had not yet made the checks good. The State presented sufficient evidence from which the trial court, as finder of fact, could determine that the appellant committed the crime of theft in the first degree. Therefore, the trial court did not err in denying the appellant's motion for a judgment of acquittal at the close of the State's case.
APPLICATION GRANTED; RULE 39 (k) MOTION DENIED; AFFIRMED.
All judges concur.