The evidence in this case was presented ore tenus; therefore, the judgment of the trial court is presumed correct and this court must affirm that judgment if it is supported by competent evidence, unless it is palpably wrong. Culpepper v. State,587 So.2d 359 (Ala.Civ.App. 1991). The trial court found that it was "reasonably satisfied from the evidence and inferences attendant thereto that the currency in issue was in the possession of Respondent and was used, or intended for use, in a transaction which would be a violation of the Alabama Controlled Substances Act." Although the evidence supporting this finding was circumstantial, circumstantial evidence is not inferior or deficient evidence. Holder v. State, 584 So.2d 872
(Ala.Crim.App. 1991). "Circumstantial evidence will support a conviction as stoutly as direct evidence as long as such evidence indicates the appellant's guilt." Hughley v. *Page 228 State, 574 So.2d 991, 993 (Ala.Crim.App. 1990).
Thompson's statements regarding the source of the money found in his vehicle were inconsistent. His statements, along with the circumstances of the arrest — substantial sums of money were found in three locations in his vehicle; two pagers, a cellular telephone, a loaded gun, and an opened bottle of alcohol were also found in the vehicle; and marijuana was found in his pocket — certainly provided sufficient circumstantial evidence to indicate Thompson was guilty of engaging in illegal drug activity.
In view of the fact that the state's standard of proof was "reasonable satisfaction," in view of the undisputed circumstantial evidence, and in view of the presumption of correctness we must afford the trial court when it has heard ore tenus evidence, I would affirm. Therefore, I must dissent.