Fredrick Francis Fitkin, Jr., was convicted of possession of marijuana in the second degree. He was sentenced to 30 days in jail; the trial court split the sentence so that Fitkin was to serve no time in jail but was to be on unsupervised probation for six months. Fitkin was also fined $200. The Court of Criminal Appeals, on December 3, 1999, affirmed, without an opinion. Fitkinv. State (No. CR-98-2023), ___ So.2d ___ (Ala.Crim.App. 1999). We granted certiorari review. Fitkin argues that the evidence presented by the State was insufficient to establish constructive possession of marijuana.
Fitkin moved for a judgment of acquittal at the close of the State's evidence. The court denied that motion. The trial court's denial of a motion for a judgment of acquittal must be reviewed by determining whether there was legal evidence before the court at the time the motion was made from which, by fair inference, the defendant could be found guilty. See Ward v. State,610 So.2d 1190 (Ala.Crim.App. 1992). The State's evidence, taken as true, showed the following:
Fitkin was driving his sister-in-law's truck on January 2, 1999, when Officer Ricky Tobin saw him and ran a check on the truck's tag number in to see if the license plate and the vehicle matched. The tag number was obscured. When Officer Tobin checked what appeared to be the number on the tag, a check indicated that the tag belonged on a different vehicle. Officer Tobin stopped Fitkin, but soon realized the mistake. Officer Tobin warned Fitkin about obscuring the plate numbers. Deputy Randy Yonce arrived on the scene; after Yonce had arrived, Fitkin consented to a search of the truck.
Deputy Yonce conducted the search. Yonce testified that the ashtray was closed, but that he opened it and found in it a partially burned hand-rolled marijuana cigarette, or "joint." The joint was lying on top of the other contents of the ashtray. He discovered no other contraband. When the officers confronted Fitkin with the joint, he told them that he had lent the truck to other people and that the joint must belong to one of those other people, who, he said, must have just left it in the truck. Officer Tobin testified that until the officers confronted him with the joint Fitkin never said anything, or exhibited any conduct, to indicate that he knew there was anything illegal in the truck. Deputy Yonce testified that no marijuana was found on Fitkin's body, and Yonce said he had not smelled any odor of burnt marijuana. Deputy Yonce was asked whether he noticed if Fitkin smoked cigarettes. Yonce testified that he had noticed and when asked if Fitkin did smoke cigarettes, Yonce again said, "Yes, ma'am."
In order to establish constructive possession, the State must prove "(1)[a]ctual or potential physical control, (2)intention to exercise dominion and (3) external manifestations of intent and control." Bright v. State, 673 So.2d 851, 852 (Ala.Crim.App. 1995) (quoting earlier cases). Fitkin argues that our decisions inEx parte Story, 435 So.2d 1365 (Ala. 1983), and *Page 184 Ex parte D.B., 678 So.2d 255 (Ala. 1996), are controlling in this case and that they support his argument that the State did not present sufficient evidence to prove constructive possession.
In Story, a witness saw the defendant entering an automobile at night. The defendant was carrying some sort of bag, but the witness could not identify the bag, because of the lighting. When the vehicle was stopped, a bag containing illegal drugs was found on the floorboard under the defendant's seat. This Court held that the evidence as presented raised a reasonable doubt as to whether the defendant "had knowledge of the drugs." 435 So.2d at 1367.
In D.B., the defendant was convicted of unlawfully firing a weapon in the city limits and of possession of a gun found in the vehicle in which he was riding. The Court of Criminal Appeals held that the location of the car in the area where the gunshots were heard, together with the presence of guns and ammunition in the car, was sufficient circumstantial evidence to support a finding that D.B., a passenger in the car, had discharged a gun and had constructively possessed it. This Court reversed the judgment of the Court of Criminal Appeals, stating that the circumstantial evidence raised only the possibility that D.B. had known the guns were in the car.
In D.B., we distinguished the facts of that case from those of another constructive-possession case, C.D.J. v. State,671 So.2d 139 (Ala.Crim.App. 1995). In C.D.J., police responded to a call that shots had been fired at the Valley Skate Center in Birmingham. Witnesses told the officers that the shots had been fired from either a blue Cadillac automobile or a red Datsun automobile. The defendant was a passenger in the red Datsun, where the officers found a shotgun and two pistols. The defendant was adjudicated delinquent on the charges of possession of a shotgun and of carrying a pistol. However, in C.D.J., the State presented more evidence than the mere presence of the defendant in the automobile with the guns. There was also evidence that the guns were still warm, that the shot had come from the passenger side of the vehicle, where C.D.J. was sitting, and that one of the guns had a spent chamber.
In this case, when Fitkin made his first motion for a judgment of acquittal, the only evidence suggesting that he had known about the marijuana was the fact that it was in the truck he was driving and the fact that he was a cigarette smoker. At that time, no evidence had been presented to show that Fitkin had even been using the ashtray where the marijuana joint was found sitting on top of ashes and cigarette butts. There was no evidence that Fitkin had smoked inside the truck that morning. The only evidence concerning Fitkin's use of cigarettes was the fact that he was a smoker. This case is analogous to the distinction we made between D.B., supra, and C.D.J., supra. The mere presence of a marijuana joint in the ashtray of a truck belonging to someone else, which the owner had allowed several people to use, should not in and of itself establish the intent to possess. The evidence presented by the State did not show that the marijuana joint was still warm, that it appeared to have been recently lit, or that the vehicle had a marijuana odor. According to the officers at the scene, Fitkin exhibited no behavior indicating he knew of the marijuana or indicating an intent to possess or to hide it.
At the close of the State's evidence, when Fitkin first moved for a judgment of acquittal, the State had presented no evidence indicating that Fitkin knew of the presence of the marijuana or indicating that he intended to control it. The trial *Page 185 
court erred by denying Fitkin's motion. The judgment of the Court of Criminal Appeals is reversed and this case is remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
Houston, Cook, See, Lyons, Johnstone, and England, JJ., concur.
Maddox and Brown, JJ., dissent.